## FERNANDEZ AND WHITE v. THE STATE.

1. *Upon* an indictment for a felony, the solicitor announced the State ready for trial, when the accused answered that they were also ready, no objection being made to the jury, the indictment was read to them, and the trial proceeded to its close; the judgment entry recited that the prisoners were arraigned, pleaded *not guilty*, &c.: *Held*, that the refusal of the primary Court to strike out, on motion of the accused, so much of the entry as affirmed the arraignment and plea pleaded, was not an error; and that such a neglect in pleading was inferable, as authorized the Court under the ninth section of the eleventh chapter of the "Penal Code," to cause the plea to be entered.

Writ of error to the Circuit Court of Montgomery.

THE plaintiffs in error were indicted for robbery. The judgment entry recites the arraignment of the prisoners, the plea of not guilty by them, the submission of the case to the jury, who returned a verdict of guilty, &c. Upon this entry being read in Court, the prisoners' counsel objected to the same, and as the ground of his objection, offered the admissions of the solicitor to the following effect, viz : When the cause was called, the solicitor announced, the State was ready for trial, when the prisoners' counsel answered, that they were also ready; and no objection being made to the jury by either party, the solicitor read to them the indictment in his opening address, and then proceeded with the examination of witnesses, to the termination of the trial, without objection by the prisoners. Upon these facts, the prisoners' counsel moved to strike from the entry all that part of it, which affirmed, that they had been arraigned and pleaded; but the motion was overruled, and thereupon the prisoners excepted. Judgment having been pronounced upon the verdict of guilty, a writ of error was prayed and awarded by this Court.

T. WILLIAMS, for the plaintiff in error, made the following points: 1. The statute authorizes a party charged with a felony, to except to the ruling of the Court against him; and the

bill of exceptions will be looked to, not only to ascertain the legal question determined, but the facts, also. [The State v. Jones, 5 Ala. Rep. 666.] 2. The prisoners should have been arraigned, and required to plead before they were put upon their trial. The act (Clay's Dig. 462, § 9) shows, that they should have been called on for a plea, before not guilty was entered for them. This matter should have been attended to by the Court, and the record shows that the requirement of the law had not been complied with. 3. The prisoners announcing themselves ready for trial, was not equivalent to, nor did it dispense with a formal arraignment and plea. [4 Bla. Com. 323; 2 Hale's P. C. 218; 1 Ala. Rep. N. S. 655.]

ATTORNEY GENERAL for the State. No formal arraignment of the prisoners was necessary. [5 Sergt. & R. Rep. 317; 1 Chitty's C. Law, 414—419.] The declaration by the prisoners, of their readiness for trial, and allowing the case to be submitted to the jury, and the examination of witnesses proceeded in without objection, was a waiver of the arraignment and plea, or admitted that the law, as it respects them, had been complied with. [2 Ala. Rep. 287.] It is contended, that the motion to amend the record was addressed to the discretion of the Court, and whether rightly overruled or not, furnishes no ground for the reversal of the judgment. But, if the law be otherwise, it is insisted, that the error in the entry was not sufficiently shown to the Court; it is said, that it was admitted by the solicitor, the Court however, does not affirm the truth of the admission, and may have acted upon the recollection that the fact was otherwise. If there was a mistake it should have been shown by affidavit. [Cooper v. Bissell, 15 Johns. Rep. 318; State v. Underwood, 2 Ala. Rep. 476.]

COLLIER, C. J.—The judgment entry in this case is confessedly regular; it recites the arraignment, plea, and trial of the prisoners in consecutive order, but it is objected, that this recital is untrue in point of fact, as is shown by the bill of exceptions. It is not indispensable to the regularity of the conviction, that the accused should be formally arraigned. If he is advised of the offence with which he is charged, and is prepared, without hearing the indictment read, to answer it, he may plead. Here, it seems, that the prisoners were in Court,

Fernandez and White v. The State.

and when the solicitor announced the State ready to proceed with the case, their counsel answered, that they were also ready for trial. This amounts to a recognition, that they were the persons charged in the indictment in the case called, and were prepared to defend themselves against it. This was equivalent to, and in law, a sufficient substitute for an arraignment in due form.

Giving to the admission of the solicitor, the effect which the prisoners' counsel claims for it, and it appears that the plea of *not guilty,* was entered for them by the Court, before the case was submitted to the jury. In the State v. Hughes, 1 Ala. Rep. 655, we say, although no formal arraignment of one charged with a criminal offence may be essential, yet the case must be put in a condition for trial before the jury is sworn; that until the prisoner was called on for a plea, it could not be known whether there would be an issue of fact, or what the issue (if any.) The statute then in force, provided, that if any person on his arraignment for a capital, or inferior offence, shall stand mute, or will not answer to the indictment, the plea of not guilty shall be entered for him on the record, and in either case the Court shall proceed to the trial of the accused, as if he pleaded not guilty, &c. [Aik. Dig. 119, § 27.] This provision has been since superseded by the ninth section of the eleventh chapter of the "Penal Code," which is in these words: "If any person on his arraignment, shall refuse, or neglect to plead, the Court shall cause the plea of not guilty, to be entered of record, and proceed to the trial of the cause." [Clay's Dig. 462.] The first act we see, required the Court to be active, and call upon the accused to answer the indictment before the plea of not guilty was entered for him; that, now in force, authorizes the plea to be entered and the trial proceeded in, not only upon the refusal, but if there is a neglect to plead. In the case before us, the prisoners declared their readiness for trial when the cause was called, made no objection to the jury which had been selected, but tacitly assented that the solicitor might proceed. To have placed the case in a condition to be tried, it was the duty of the prisoners to have interposed a plea, and not having done so, as we must intend, they were guilty of such neglect as authorized the Court to cause the plea of not guilty to be entered for them.

It must be observed that the judgment entry is entirely reg-ular, and the question is, whether it should be modified, upon the admission made by the solicitor. Taking it to be strictly true, and it proves nothing more, than, that there was no for-mal arraignment, and that the prisoners did not plead, but in-stead of showing that there was not such a case of neglect as authorized the plea of not guilty to be entered, it leaves the reverse to be fairly inferred.

It results from what has been said, that the judgment of the Circuit Court must be affirmed.