## Case No. 14,845.

### UNITED STATES v. CONKLIN.

[17 Int. Rev. Rec. 76.]

Circuit Court, S. D. Ohio. 1873.

CLAIM AGENT—INDICTMENT FOR RETAINING ILLEGAL FEES.

The defendant [Jerome B. Conklin] was indicted under the seventh and eighth sections of the act of congress, approved July 8, 1870, for retaining a greater compensation for his services as claim agent than was allowed by law. He had obtained a father's pension for an old man named Porter, amounting with the back pay to some six hundred and sixty dollars; from this amount he retained $330, or one half. The indictment was found in October, 1872. On the 26th of October the defendant was arraigned, and entered a plea of not · guilty. By permission of the court the plea of "not guilty" was withdrawn, in order that the defendant might file a motion to quash the indictment. The motion to quash was heard and overruled, and by consent of both parties the case set down for trial. The defendant was found guilty upon three counts of the indictment, and he now files several motions, the most important of which is one to amend the record by striking out the entry, showing that the defendant had re-entered the plea of not guilty.

Henry Hooper, and Channing Richards, Asst. U. S. Attys.

L. H. Bond, for defendant.

SWING, District Judge, held: ˙The record in this case shows that the defendant had been arraigned, and had entered a plea of not guilty. Subsequently the plea was withdrawn by leave of the court, and he filed a motion to quash the indictment, which was heard and overruled. The record shows that on the 19th of December, 1872, the plea of not guilty was re-entered, a jury sworn to try the issue, and the cause submitted to the jury, who found the defendant guilty.

He now files a motion to amend the record by striking out the entry of the plea of not guilty, as he never entered it himself; and, consequently that the jury had no issue to try, and that the verdict cannot stand. The facts outside of the record are: That on the day of the trial the clerk, sua sponte, or by direction of the assistant United States attorney, re-entered the plea and made up the issue. When the case was called, the assistant attorney for the government opened the case to the jury, and the defendant's counsel opened the defence and stated emphatically that his client was not guilty. The defendant had challenged jurors and otherwise exercised his rights in the proceeding. The second day of the trial the clerk read in open court the record as it now stands, of the plea and the issue; and the defendant and his counsel were present and took no exception to its truth, but called witnesses, asked for certain charges, and submitted the case to the decision of the jury. Under these circumstances ought the court to permit the defendant to have the record amended in order that he may get a new trial or have the judgment arrested?

No case precisely similar to this can I find in any of the books. The nearest to it is the case of Fernandez v. State; 7 Ala. 511; but even there a statute permitted the court to enter the plea. In People v. Frost, 5 Parker, Cr. R. 52, the court held that the conduct of the defendant in demanding a trial, challenging jurors, etc., amounted to a plea of not guilty, but as that was by virtue of the statute, the case has no application here. The cases are unanimous that, if the record does not show an arraignment and plea, an issue for the jury to try on the verdict cannot stand. It must be set aside. And the court cannot supply the plea after verdict. See Sartorious v. State, 24 Misc. 609; Douglass v. State, 3 Wis. 820.

The record in the case at bar is perfect, and, consequently, these cases do not apply. Can the defendant waive the right of entering the plea himself? The old authorities say he cannot waive any of his rights, but that was at a time when the defendant, as a matter of right, could neither have counsel or witnesses. Our criminal jurisprudence secured to the defendant every privilege in favor of life and liberty. The reason for the old rule is gone. It has been settled that both in civil and criminal cases he may waive certain rights, such as the challenge of jurors. See 1 Bish. Cr. Proc. 425; Parks v. State, 4 Ohio St. 234.

We cannot lose sight of the facts that he was once arraigned and pleaded not guilty; that for his benefit he was allowed to withdraw this plea. The case was set down for trial upon a consent day; he appears in person, challenges the jury, is defended by counsel, calls witnesses to maintain his defence, and, telling the jury he is not guilty, submits to their decision. There is also another important fact in the case, viz. that on the second day of the trial he heard the record read in open court as it now stands, he made no objection to it but went on with his defence. Under these circumstances it seems to me that he waived his right to enter the plea or to have the record altered. He was silent when he ought to have spoken; and he must

now be silent when he would like to speak. It is admitted that he has had an impartial and fair trial, and that he has suffered no injury by the entry in question.

The motion to amend the record must, accordingly, be overruled.

THE COURT also overruled the motion for a new trial and a motion in arrest of judgment.

Upon a motion of the assistant United States attorney, the defendant was sentenced to pay a fine of $250 and costs of prosecution.