[No. 20549.   In Bank. — December 2, 1889.]

THE PEOPLE, Respondent, v. THOMAS BOWMAN,
APPELLANT.

CRIMINAL LAW — HOMICIDE — MURDER IN FIRST DEGREE — PROVINCE OF
JURY — REVIEW OF EVIDENCE UPON APPEAL. — Though, in order to
convict of murder in the first degree, the defendant must be proved be-
yond a reasonable doubt to have killed the deceased with deliberate, pre-
meditated, and malicious intent, it is the province of the jury to determine,
from all the facts and circumstances, whether the killing was accom-
panied by all the ingredients which go to make up the crime charged,
and their verdict will not be interfered with by the appellate court, if
their conclusions were not manifestly wrong, in view of the evidence.

ID. — PLEA OF NOT GUILTY — ACTION OF PRISONER THROUGH COUNSEL. —
When an opportunity is given to the defendant to plead upon his arraign-
ment, he cannot be prejudiced by the fact that he acted only through
his counsel in pleading not guilty, for the effect is the same as if he
had stood mute, and the court had ordered the plea of not guilty to
be entered for him.

ID. — INSTRUCTION AS TO GOOD CHARACTER OF DEFENDANT. — An instruc-
tion to the effect that evidence of the defendant's good character must
be considered in connection with all the evidence in the case, and if then
the jury have a reasonable doubt of the defendant's guilt, they must
acquit, is correct, and the defendant is not prejudiced by the refusal of
the court further to instruct the jury that such evidence "may be suffi-
cient to create a reasonable doubt of his guilt, although no such doubt
would have existed but for such good character."

ID. — EVIDENCE — DECLARATIONS OF DEFENDANT — IDENTITY. — When the
evidence in the case tends to show partnership and companionship be-
tween the defendant and the deceased, evidence of his declarations as to
the whereabouts of "his partner," made after the alleged killing, are
admissible, though the deceased was not named in such declaration.

APPEAL from a judgment of the Superior Court of
Humboldt County, and from an order refusing a new
trial.

The facts are stated in the opinion.

*Thomas H. Selvage,* and *George D. Murray,* for Appel-
lant.

*Attorney-General Johnson,* for Respondent.

FOOTE, C. — The defendant was tried and convicted,
upon an information, of murder in the first degree in

the killing of one Samuel Dunn. From the judgment therein rendered, and an order refusing a new trial, he has appealed.

One of the grounds upon which he bases his contention that a new trial should be awarded him is, that the evidence does not show that he committed the murder with which he is charged; and conceding that any killing is shown to have been done by him, it does not appear that murder in the first degree was committed.

It is undoubtedly the law, as he claims, that, in order to convict of murder in the first degree, the defendant must be shown by the evidence beyond a reasonable doubt to have killed the person with whose murder he is charged, with the deliberate, premeditated, and malicious intent so to do. (*People* v. *Cox*, 76 Cal. 282, 286; Pen. Code, sec. 189.) But it is the province of the jury to determine from all the facts and circumstances in evidence whether the killing is accompanied by all the ingredients which go to make up the crime charged. In this case a very strenuous argument is made upon all the evidence which was adduced, both direct and circumstantial, that the defendant is not proved to have been guilty as charged beyond reasonable doubt, and that the jury have found him guilty by inferring material facts not in evidence from facts in evidence which only amount to inferences. When counsel proceed by argument to elaborate their views on the matter, they seem to advance no further than to the point that the circumstantial evidence in the case is insufficient to show the identity of the body found with that of the deceased; that the defendant killed him, and that he did it maliciously, with premeditation and deliberation. There are many facts and circumstances appearing in the record before us which tend strongly to show that the defendant and none other was the slayer of Dunn; that the purpose of the killing was plunder, to obtain possession of the property which Dunn had and the defendant lacked; that the

murder was accomplished by, first, a shot in the head, and then by the crushing of the disabled man's skull with a rock; that the murderer then left the body of his mutilated and whilom trusting friend to be the prey of wild beasts. There was proof that the defendant took Dunn's watch and other property, and endeavored to prevent inquiry by asking a witness not to tell that he had a companion or partner on the Summit. The body of Dunn was found decomposed in a secluded place, with the skull in the condition above mentioned, and the hat identified as being his lying near with a bullet hole in it. These things and many other matters which were disclosed by the evidence were duly weighed by the jury, under the instructions of the court, and we cannot say their conclusions were manifestly wrong. They must have given each fact or circumstance, whether for or against the defendant, proper consideration; and this is not a case where we can declare that the evidence is such that the jury should have acquitted, or only found the defendant guilty of murder in the second degree. They saw and heard the witnesses, and were in possession of all that was said orally by them, whether the statement of a fact or circumstance, they looked upon the mute evidence in the case,—the shoes with peculiar pegs, the handkerchief, the watch, the gun, the hat, the pieces of skull, and the rock. They have declared by their verdict that they believe, from all the evidence in the case, beyond a reasonable doubt, that the defendant is guilty of murder in the first degree. We do not feel called upon to say their verdict is unwarranted.

It is further argued that the judgment cannot stand because the defendant, although arraigned and offered an opportunity to plead, only did so through his counsel, and not in person. Conceding that the plea by counsel amounted to no plea at all, and then the matter stands as if the defendant when called on to plead to the information stood mute. It then became the duty of

the court to order the plea of not guilty to be entered for him. If the defendant is properly arraigned, and is given the opportunity to enter his plea, and he evades it either by standing mute or having his counsel enter his plea for him of not guilty, we can see no material injury to him in the court ordering his plea of not guilty to be entered as the law requires it to be done, when none is entered by the defendant in person. The case of the *People* v. *Corbett*, 28 Cal. 328, is not in point. There the prisoner had not been arraigned and given an opportunity to plead. "Not only did the defendant not plead, but inasmuch as the statutory opportunity for pleading was never extended to him, he was never under any obligation to plead." (*People* v. *Corbett*, 28 Cal. 331.) Here the opportunity was extended, and the defendant was under an obligation to plead, but did not fulfill his obligation, and the plea of not guilty was entered by the court, at the instance of the defendant through his attorney. As heretofore said, he was in no worse condition than if he had stood mute; his attorney had entered no plea for him, and the court had fulfilled its obligation under the law by entering the plea of not guilty. (Pen. Code, sec. 1029.)

It is further claimed that the court erred in refusing an instruction for the defendant as follows: "The defendant has introduced evidence of his good character as a man of peace and quiet, and for honesty and integrity. If, in the present case, the good character of the defendant for these qualities is proven to your satisfaction, it is to be considered by you in connection with the other facts in the case, and it may be sufficient to create in your minds a reasonable doubt of his guilt, although no such doubt would have existed but for such good character." But the court gave in place of the refused instruction another, which reads: "The defendfendant has introduced evidence tending to show his good character as a man of peace and quiet, and for

honesty and integrity. If in the present case the good character of the defendant for these qualities is proven to your satisfaction, then such fact is to be kept in view by you in all your deliberations, and it is to be considered by you in connection with the other facts in the case; and if, after a consideration of all the evidence in the case, including that bearing upon the good character of the defendant, the jury entertain any reasonable doubt of the defendant's guilt, then it is your duty to acquit him." The defendant was not prejudiced. The last instruction was a clearer enunciation of the law than the first, and contained all that the defendant was entitled to have on the point. Good character must be considered in connection with all the other evidence in the case, and if then the jury have a reasonable doubt of the defendant's guilt, they must acquit. (Thompson on Trials, sec. 2444.)

There was no error in permitting the witnesses Day and Nichols to relate what the defendant said about "his partner" going to Scott's Valley. The evidence tended to show that Dunn and he were partners at the Summit in hunting, and as to what hides and meat they got; that they bought the mule they had jointly; that they slept together in Dunn's blankets, and it is evident that the word "partner" as used referred as much to the companionship of the two men as to their business relations.

Upon the whole case as presented by the record, we perceive no prejudicial error, and advise that the judgment and order be affirmed.

VANCLIEF, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Rehearing denied.