138 So.2d 60

**Milton K. BOYD**

v.

**STATE.**

**4 Div. 452.**

Court of Appeals of Alabama.

Jan. 9, 1962.

Rehearing Denied Feb. 13, 1962.

508

MacDonald Gallion, Atty. Gen., and Jerry L. Coe, Asst. Atty. Gen., for the State.

Jas. M. Prestwood and Abner R. Powell, Jr., Andalusia, for appellant.

PRICE, Judge.

Counts one and three of the indictment ·charged embezzlement. Count two charged false pretense. At the beginning of the trial the court granted the defendant's motion to require the state to elect as to the counts under which it would proceed. The state elected to go to trial under counts one and three, the embezzlement counts. There was a general verdict of guilty.

Count one charged that appellant being the clerk, agent, servant or apprentice of Ella Ballard, embezzled or fraudulently converted to his own use, or to the use of another, or fraudulently secreted with intent to convert to his own use or to the use of another, $265, which came into his possession by virtue of such clerkship, agency, employment or apprenticeship.

Count three charged that appellant "being the commission merchant, factor, broker, attorney, bailee or agent of Ella Ballard, did embezzle or fraudulently convert to his own use $265.00, which came into his possession by virtue of such bailment, or by him, the said Milton K. Boyd, being such commission merchant, factor, broker, attorney or agent.".

■ The appellant contends that because of the addition of the statement "or by him, the said Milton K. Boyd, being such commission merchant, factor, broker, attorney, bailee or agent," count three was so confusing and misleading that defendant was not apprised as to what he was to defend against, and that said count was subject to the demurrer interposed.

Count three is drawn under the provisions of Section 133, Title 14, Code of 1940. This statute applies to bailments creating a fiduciary relationship. Watson v. State, 70 Ala. 13.

In Wharton's Criminal Procedure, Vol. 4, page 594, Section 1780, the following statement appears:

"When the act charged against the defendant is a criminal offense only when committed by a person acting in a specific capacity, the indictment must charge that the defendant committed the act while acting in such capacity, but extreme technical nicety is not required in this respect."

The words used in said count three, in their usual and ordinary acceptation, sufficiently charge that the money came into defendant's possession by virtue of his employment or agency. The court did not err in overruling the demurrer interposed thereto.

One of the grounds of motion for a new trial was that defendant was not arraigned. The defendant also moved the court to amend and correct the judgment entry by striking or deleting therefrom the portion of the judgment reciting that defendant was duly arraigned and pleaded not guilty.

At the hearing on the motions defense counsel testified the defendant was not asked to stand before the judge before the reading of the indictment and was not required to raise his right hand as the indictment was read to the jury; that he was not advised by the solicitor or the judge as to the charge against him; that he was not asked by the solicitor or judge how he pleaded to the charge.

Defendant's attorney further testified at the hearing on the motions that the portion of the transcript of the evidence which sets out that after the reading of the indictment by the solicitor defense counsel stated: "May it please the court, and gentlemen of the jury, the counts remaining in the indictment on which the State bases its case charge the defendant with embezzlement. Now to that charge the defendant says he is not guilty," is true and correct.

The circuit clerk testified that neither the docket sheet nor the bench notes showed an arraignment of defendant, but that when he prepared the judgment the trial judge pointed out "that the reading of the indictment to the jury constituted a proper arraignment," and instructed him to recite in the judgment that the defendant was arraigned and pleaded not guilty. The court overruled the motion for a new trial and denied the motion to correct the judgment of the court.

It is insisted in brief that this testimony of defense counsel and of the clerk conclusively established that defendant was not arraigned, never pleaded to the indictment and that no plea was entered for him by

**510**

the court, as required by Title 15, Section 277, Code 1940.

■ The common law formalities attendant on arraignment are no longer required.

"With us, however, it is nothing more than calling the accused to the bar of the court, and reading or explaining the indictment to him, and demanding his plea. Its only purpose is to obtain from the accused his answer or plea to the indictment." Howard v. State, 165 Ala. 18, 50 So. 954, 958.
"'* * * it is quite generally held that a plea by his attorney will be considered a mere nullity, except a plea of not guilty—which plea cannot injure his client. * * *' 8 R.C.L. p. 109, § 74; Note: 13 L.R.A., N.S. 814; 14 Am.Jur. p. 939, §§ 249, 259." Thomas v. State, 255 Ala. 632, 53 So.2d 340, 342.

■ When the defendant is arraigned and given an opportunity to plead, and he only does so through his counsel and not in person, the matter stands as if the accused stood mute and the court may then order his plea of not guilty to be entered, as is required by the statute when no plea is entered by the defendant in person. 4 Wharton's Criminal Procedure, p. 643, Sec. 1806; People v. Bowman, 81 Cal. 566, 22 P. 917.

In Fernandez v. State, 7 Ala. 511, the judgment recited the arraignment and plea of not guilty. The facts set out by the reporter show:

"When the case was called, the solicitor announced, the state was ready for trial, when the prisoners' counsel answered, that they were also ready; and no objection being made to the jury by either party, the solicitor read to them the indictment in his opening address, and then proceeded with the examination of witnesses, to the termination of the trial, without objection by the prisoners. Upon these facts, the prisoners' counsel moved to strike from the entry all that part of it, which affirmed that they had been arraigned and pleaded; but the motion was overruled, and thereupon the prisoners excepted."

The Supreme Court said: "The judgment entry in this case is confessedly regular; it recites the arraignment, plea, and trial of the prisoners in consecutive order, but it is objected, that this recital is untrue in point of fact, as is shown by the bill of exceptions. It is not indispensable to the regularity of the conviction, that the accused should be formally arraigned. If he is advised of the offence with which he is charged, and is prepared, without hearing the indictment read, to answer it, he may plead. Here, it seems, that the prisoners were in court, and when the solicitor announced the state ready to proceed with the case, their counsel answered, that they were also ready for trial. This amounts to a recognition, that they were the persons charged in the indictment in the case called, and were prepared to defend themselves against it. This was equivalent to, and in law, a sufficient substitute for an arraignment in due form. * * * To have placed the case in a condition to be tried, it was the duty of the prisoners to have interposed a plea, and not having done so, as we must intend, they were guilty of such neglect as authorized the court to cause the plea of not guilty to be entered for them." See also Knight v. State, 147 Ala. 104, 41 So. 911.

■ The judgment entry affirmatively shows the fact of arraignment and plea of not guilty. The testimony taken on the motions proves nothing more than that the defendant was sufficiently informed of the nature of the charge against him, and the defendant standing mute, the trial judge caused a plea of not guilty to be entered for him. The motion to amend the judgment and the motion for a new trial were properly denied.

The evidence tended to show that defendant was engaged in the real estate and insurance business in Andalusia. In June, 1959, Miss Ella Ballard contacted him for a real estate loan. She was informed by defendant that it would be necessary for her to pay $265.00 in advance in order to hold the loan, because many persons had refused to accept loans after they were made. She signed the loan application and paid to defendant the sum of $265.00. Defendant assured her that in the event she failed to get the loan the $265.00 would be returned to her. The loan was not obtained and no part of the $265.00 was ever returned to her. She employed counsel to file suit against the Real Estate Broker's Bond of defendant in the Circuit Court of Covington County, in Equity. On February 20, 1961, the Register of the Circuit Court paid by check to the attorneys for Miss Ballard, the sum of $300.11.

The defendant testified he had lived in Andalusia since 1953 and had represented insurance companies in various capacities; that in 1956 he actively entered the real estate business and represented or had connections with several different concerns which handled long-term real estate loans. These connections included the Harry Hall Company in Dothan, Jefferson Standard Life Insurance Company and Auerbach-Jordan in Montgomery. Miss Ella Ballard contacted defendant relative to securing a real estate loan on her property, the loan to be in the sum of $10,500. The $265 collected from Miss Ballard was a discount fee, and was duly posted in the books of the business of defendant. Included in the $265 was an appraisal fee of $25.00, a survey which usually amounted to $25.00 and a credit report. Defendant had the land appraised and a credit report run; that he contacted the Harry Hall Company in Dothan, the Jefferson Standard Life Insurance Company and Auerbach-Jordan relative to obtaining a loan on the Ella Ballard property, but had not secured a loan at the time his business failed in the Fall of 1959.

On cross-examination the defendant testified he did not intend to say that if a loan is refused by a borrower the insurance company requires a 3% fee. What he had meant to say was that if the loan went through and a 3% discount was charged somebody had to pay it; that defendant's commission or brokerage on the loan was to run 2%; that the two percent commission or brokerage fee was to be repaid to Miss Ballard in the event the loan did not go through.

■ It is essential to a conviction for embezzlement that the proof show that accused, having come rightfully into possession of money, property or effects as agent, etc., fraudulently converted it to his own use, or fraudulently secreted it with the intent to convert it to his own use or to the use of another. Wall v. State, 2 Ala.App. 157, 56 So. 57; Reeves v. State, 95 Ala. 31, 11 So. 158; Knight v. State, 152 Ala. 56, 44 So. 585.

"As a general rule, the mere failure or neglect of an agent, trustee, officer, or other person standing in a fiduciary capacity to pay over or return money intrusted to him is not, standing alone, sufficient to constitute the crime of embezzlement, since there may be losses and failures to pay, or even to account, where the failure is due to misfortune or other cause not criminal." 18 Am. Jur.Embezzlement, Sec. 22, p. 582. See also Henderson v. State, 129 Ala. 104, 29 So. 799.

In Knight v. State, supra, the court said:
"There must, at least, be some act indicating an intent to segregate the property from that held by the defendant as agent, and hold it for himself, or deprive the owner of the same, or to convert it to his own use." [152 Ala. 56, 44 So. 586.]

■ We have carefully considered the evidence appearing in the record and are of the opinion the proof was not sufficient, under the foregoing principles of law, to

**512**

show an embezzlement of the money. The general affirmative charge requested by the defendant should have been given.

There are other questions presented which will probably not arise in the event of another trial.

The judgment is reversed and the cause is remanded.

Reversed and remanded.

CATES, J., thinks the evidence also shows a prosecution for a debt.

