This case came before us on the State's petition for writ of certiorari to the Court of Criminal Appeals. We granted the petition.
The facts of this case are set out extensively in the lower court's opinion, Watts v. State, 460 So.2d 201 (Ala.Cr.App. 1983). We, therefore, will give only a summary description of the case here.
Watts was originally indicted and arraigned under a two-count indictment for (1) trafficking in marijuana and (2) unlawful possession of methaqualone. In a pretrial conference on the date of trial, this indictment was nol-prossed with Watts's consent. A substituted indictment was served on Watts, apparently in the courtroom, but no formal arraignment was had and no plea was entered.
Both sides announced "Ready" and the case proceeded to trial. The jury returned a guilty verdict against Watts for the offense of trafficking in marijuana. He was sentenced to fifteen years' imprisonment.
Watts appealed to the Court of Criminal Appeals, arguing that his conviction should be reversed because he was never formally arraigned on the substituted indictment. The Court of Criminal Appeals reversed Watts's conviction on that basis.
The State is now before us seeking to overturn the reversal of Watts's conviction. The issue to be decided is whether arraignment and plea can be waived by a defendant by failing to object to a lack thereof until after the jury has returned a verdict. We are of the opinion that arraignment and plea can be waived under the circumstances presented by this case.
We have found only one case in Alabama which squarely addresses the issue presented here. The case of Fernandez andWhite v. State, 7 Ala. 511 (1845), while not recent authority, has not been reversed, overruled, or modified by an Alabama decision to date and, thus, stands as good authority. The facts of Fernandez and White, virtually identical to those of the case at bar, are summarized as follows:
 "When the case was called, the solicitor announced, the State was ready for trial, when the prisoners' counsel answered, that they were also ready; and no objection being made to the jury by either party, the solicitor read to them the indictment in his opening address, and then proceeded with the examination of witnesses, to the termination of the trial, without objection by the prisoners. Upon these facts, the prisoners' counsel moved to strike from the entry all that part of it, which affirmed, that they had been arraigned and pleaded; but the motion was overruled, and thereupon the prisoners excepted. Judgment having been pronounced upon the verdict of guilty, a writ of error was prayed and awarded by this Court."
Id. at 511. On appeal, the defendants asked this court to strike that portion of the judgment entry reciting the arraignment and plea. This court refused, Chief Justice Collier stating:
 "It is not indispensable to the regularity of the conviction, that the accused should be formally arraigned. If he is advised of the offense with which he is charged, *Page 206 
and is prepared, without hearing the indictment read, to answer it, he may plead. Here, it seems, that the prisoners were in Court, and when the solicitor announced the State ready to proceed with the case, their counsel answered, that they were also ready for trial. This amounts to a recognition, that they were the persons charged in the indictment in the case called, and were prepared to defend themselves against it. This was equivalent to, and in law, a sufficient substitute for an arraignment in due form."
Id. at 512-13.
Our research indicates that the holding in Fernandez andWhite is in accord with principles of due process enunciated by the United States Supreme Court.
That Court, in Garland v. Washington, 232 U.S. 642,34 S.Ct. 456, 58 L.Ed. 772 (1914), was faced with a situation, similar to ours, in which the defendant was indicted, was arraigned, pleaded, was convicted, appealed, and won a new trial. He was indicted on identical charges in the second trial, but was not arraigned and did not plead. The United States Supreme Court held that the want of formal arraignment did not deprive the accused of any substantial right, and that "technical enforcement of formal rights in criminal procedure . . . is no longer required in the prosecution of offenses under present systems of law." 232 U.S. at 646-47, 34 S.Ct. at 457,58 L.Ed. at 775. That Court stated:
 "Due process of law . . . does not require the State to adopt any particular form of procedure, so long as it appears that the accused has had sufficient notice of the accusation and an adequate opportunity to defend himself in the prosecution. Rogers v. Peek, 199 U.S. 425, 435 [26 S.Ct. 87, 89, 50 L.Ed. 256] and previous cases in this court there cited."
232 U.S. at 645, 34 S.Ct. at 457, 58 L.Ed. at 775. Alabama authority is in accord with the view that the common law formalities attendant on arraignment and plea are no longer required. See Headley v. State, 51 Ala. App. 148, 283 So.2d 458
(1973); Boyd v. State, 41 Ala. App. 507, 138 So.2d 60 (1962).
Overruling Crain v. United States, 162 U.S. 625,16 S.Ct. 952, 50 L.Ed. 1097 (1896), and quoting from the dissenting opinion in that case, the Garland Court further stated:
 "A waiver ought to be conclusively implied where the parties had proceeded as if defendant had been duly arraigned, and a formal plea of not guilty had been interposed, and where there was no objection made on account of its absence until, as in this case, the record was brought to this court for review. It would be inconsistent with the due administration of justice to permit a defendant under such circumstances to lie by, saying nothing as to such an objection, and then for the first time urge it in this court."
Garland v. Washington, 232 U.S. at 646, 34 S.Ct. at 457,58 L.Ed. at 775.
Also, in a case with facts almost identical to Garland, the Fifth Circuit Court of Appeals held that where there is no objection made due to lack of arraignment and plea until the record is brought for review, the waiver of formal arraignment is conclusively implied, particularly where there was never an allegation of a desire to change the plea prior to commencement of trial. Thomas v. United States, 455 F.2d 469 (5th Cir. 1972).
In the instant case, it is apparent to this court that Watts's due process rights were not compromised. Watts had notice of the charges against him. The parties tried the case as if Watts had been duly arraigned and had entered a plea of not guilty. Watts was found guilty and has not questioned the sufficiency of the evidence against him. He had every opportunity during the course of trial to object to the fact that there was no formal arraignment.
Based on the above authority, this court finds that Watts's silence at trial constitutes a waiver of arraignment. Consequently, the decision of the Court of Criminal Appeals is due to be, and it hereby is, reversed, and the cause is remanded to that *Page 207 
court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
MADDOX, JONES, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
TORBERT, C.J., and ALMON, J., not sitting.