McMILLAN, Judge.
This appeal arises out of the appellant’s convictions of assault in the third degree and resisting arrest.
In April 1988, Singleton was arrested for assault in the third degree, in violation of § 13A-6-22, Code of Alabama (1975), and § 17-1, Municipal Code of the City of Tuscaloosa; and for resisting arrest, in violation of § 13A-10-41, Code of Alabama (1975), and § 17-1, Municipal Code of the City of Tuscaloosa. In August 1988, he was found guilty of both charges in the Tuscaloosa Municipal Court, and in each case was sentenced to 90 days in jail and fined $250.00. He appealed to the Tuscaloosa Circuit Court for trial de novo. Following a bench trial, Singleton again was convicted of both offenses. On the assault charge, he was fined $250.00 and was sentenced to 90 days in jail, with all but 30 days to be served on probation. On the resisting arrest charge he was fined $250.00 and was sentenced to 30 days’ probation.
I.
The appellant argues that his conviction and sentence are due to be set aside because, he says, he was never advised of his right to counsel and counsel was never appointed to represent him. The city, as appellee, concedes that the appellant was not advised of his right to counsel under the Sixth and Fourteenth Amendments to the United States Constitution and asks that this cause be remanded for a new trial. Accordingly, the judgment of the trial court is reversed, and this case is remanded for a new trial.
II.
The appellant also argues that he was not arraigned in either the municipal or the circuit court and that he never entered a plea to the instant charges.
In Watts v. State, 460 So.2d 204 (Ala.1983), the Alabama Supreme Court stated that a defendant’s arraignment and plea were waived by the defendant’s failure to object to a lack thereof until after the jury had returned a verdict against him. In reviewing the decision of this Court and reinstating the judgment of the trial court, the Watts Court held the following:
“[The Supreme] Court, in Garland v. Washington, 232 U.S. 642, 34 S.Ct. 456, 58 L.Ed. 772 (1914), was faced with a situation, similar to ours, in which the defendant was indicted, was arraigned, pleaded, was convicted, appealed, and won a new trial. He was indicted on identical charges in the second trial, but was not arraigned and did not plead. The United States Supreme Court held that the want of formal arraignment did not deprive the accused of any substantial right, and that ‘technical enforcement of formal rights in criminal procedure ... is no longer required in the prosecution of offenses under present systems of law.’ 232 U.S. at 646-47, 34 S.Ct. at 457, 58 L.Ed. at 775. That Court stated:
“ ‘Due process of law ... does not require the State to adopt any particular form of procedure, so long as it appears that the accused has had sufficient notice of the accusation and an adequate opportunity to defend himself in the prosecution. Rogers v. Peek [Peck], 199 U.S. 425, 435 [26 S.Ct. *567 87, 89, 50 L.Ed. 256], and previous cases in this court there cited.’
“232 U.S. at 645, 34 S.Ct. at 457, 58 L.Ed. at 775. Alabama authority is in accord with the view that the common law formalities attendant on arraignment and plea are no longer required. See Headley v. State, 51 Ala.App. 148, 283 So.2d 458 (1973); Boyd v. State, 41 Ala.App. 507, 138 So.2d 60 (1962).
“Overruling Crain v. United States, 162 U.S. 265 [625], 16 S.Ct. 952, 40 L.Ed. 1097 (1896), and quoting from the dissenting opinion in that case, the Garland Court further stated:
“ ‘A waiver ought to be conclusively implied where the parties had proceeded as if defendant had been duly arraigned, and a formal plea of not guilty had been interposed, and where there was no objection made on account of its absence until, as in this case, the record was brought to this court for review. It would be inconsistent with the due administration of justice to permit a defendant under such circumstances to lie by, saying nothing as to such an objection, and then for the first time urge it in this court.’
“Garland v. Washington, 232 U.S. at 646, 34 S.Ct. at 457, 58 L.Ed. at 775.”
460 So.2d at 206.
This rule of law has been followed in subsequent decisions of Alabama appellate courts. See Marsden v. State, 475 So.2d 588 (Ala.1984); Steeley v. State, 533 So.2d 665, 669 (Ala.Cr.App.1988), cert. denied, — U.S. -, 109 S.Ct. 1759, 104 L.Ed.2d 195 (Ala.1989); Steeley v. City of Gadsden, 533 So.2d 671, 674 (Ala.Cr.App.1988); Bush v. City of Troy, 474 So.2d 164, 167-68 (Ala.Cr.App.1984), affirmed, Ex parte Bush, 474 So.2d 168 (Ala.1985).
The record indicates that the following exchange occurred immediately prior to the appellant’s trial:
“THE COURT: Mr. Singleton, you ready?
“DEFENDANT: Yeah.”
The appellant contends that this pretrial colloquy between himself and the circuit court was insufficient to constitute a waiver of his right to arraignment and plea. In Fernandez and White v. State, 7 Ala. 511 (1845), upon which our Supreme Court’s decision in Watts, supra, was predicated, the Court stated as follows:
“It is not indispensable to the regularity of the conviction, that the accused should be formally arraigned. If he is advised of the offense with which he is charged, and is prepared, without hearing the indictment read, to answer it, he may plead. Here, it seems, that the prisoners were in Court, and when the solicitor announced the State ready to proceed with the case, their counsel answered, that they were also ready for trial. This amounts to a recognition, that they were the persons charged in the indictment in the case called, and were prepared to defend themselves against it. This was equivalent to, and in law, a sufficient substitute for an arraignment in due form”
Fernandez and White v. State, 7 Ala. 511, 512-13 (1845).
Thus, it would appear that the sole requirement for a valid waiver of arraignment is that the defendant indicate that he is familiar with the charges against him and that he is prepared to defend against them. Because the appellant faced the same charges in circuit court that he had been convicted of in municipal court, this requirement has been satisfied.
REVERSED AND REMANDED.
All the Judges concur.