# Jackson *v.* The State.

*Indictment for Attempted Larceny.*

1. *Sufficiency of indictment.*—An indictment which charges an *attempt* to commit larceny, not stating the particular acts which constituted the attempt, is sufficient.

2. *Judgment of conviction, without plea.*—A judgment of conviction in a criminal case will be reversed, when the record does not show that the defendant pleaded to the indictment, or that the plea of not guilty was entered for him by the court.

From the Circuit Court of Barbour.
Tried before the Hon. Jesse M. Carmichael.

Peach & Evans, for appellant.

Wm. L. Martin, Attorney-General, for the State, cited Code, § 4366; *Wolf v. State*, 41 Ala. 412; *Lewis v. State*, 35 Ala. 387–8; *People v. Bush*, 4 Hill, N. Y. 133; *State v. Hughes*, 76 Mo. 323; *Reg. v. Johnson*, 1 L. & C. Cr. Cases, 489.

COLEMAN, J.—The record presents the question as to the sufficiency of the indictment, The indictment charges that Andrew Jackson "did attempt to feloniously take and carry away," &c. Mr. Wharton seems to hold, that at common law, or in the absence of statutory provision, in an "indictment for an attempt to commit a crime, it is essential to aver that the defendant did some act, to be averred, which, directed by a particular intent, would have apparently resulted, in the ordinary course of things, in a particular crime."—Wharton's Crim. Law, § 192. He further holds, that it is in the power of the legislature to pass statutes declaring a particular act to be indictable, and providing that it shall be enough to describe

such act in the statutory terms. When this is done, it is. proper for the courts to hold, that "an indictment charging that the defendant did attempt to feloniously steal from the house of A. B. is good."—1 Wharton's Crim. Law, § 191.

The word "attempt" is among the adjudged words, and in this State has a defined legal meaning. "An attempt implies more than an intention formed. It means to make an effort,. or endeavor, or an attack."—*Grey v. State,* 63 Ala. 73. An "attempt" implies an intent, and an actual effort to consummate the intent or purpose; "to try."—58 Ala. 612; *Prince v. State,* 35 Ala. 367; *Lewis v. State, Ib.* 381. The reason assigned by Mr. Wharton, in his excellent work, why an indictment is defective which charges merely an "attempt" to commit an offense, without an averment of any act, is that "attempts" may be merely "in conception, or in preparation," "with no causal connection between the attempt and the crime;" that it is a term "peculiarly indefinite," "without any prescribed meaning," "and covers acts some of which are indictable, and some are not;" and therefore, he concludes, all mere attempts are not indictable.—1 Wharton's Crim. Law,. §§ 190, 192. If Mr. Wharton's definition is correct, his conclusions legitimately follow; but, if "attempt" implies both an intent and an actual effort to consummate the intent, as held in this State, an indictment for an "attempt" to commit an offense is not indefinite, and does not charge any act not penal. The reason given by him would apply with equal force in cases where "attempts" were made indictable by statute, if, as is generally the case, the statute omits to legally define what acts amount to an "attempt." The principle upon which an indictment which merely charges an "attempt" to commit an offense is held good, is, that the word "attempt" has a legal meaning—is an adjudged word, and, therefore, when a person is indicted for an "attempt," he, in law, is as fully advised of what the indictment charges, as if the statute had defined, with precision, the acts necessary to constitute an "attempt."

The statutes of this State have changed the common-law rules of criminal pleading, dispensing with many averments which were regarded as indispensable, reducing indictments rather to a statement of legal conclusions than of facts.—*Drake v. State,* 63 Ala. Code, § 4366, declares the forms given in the Code are sufficient, in all cases in which they are applicable; in other cases, forms may be used as near similar as the nature of the case and the rules prescribed in this chapter will permit. "The indictment must state the facts constituting the offense in ordinary and concise language, in such manner as to enable a person of common understanding to know what is intended," &c.—Code, § 4368.

[Jackson v. The State.]

We have no statutory definition of an "assault." An indictment for a simple assault is good, which merely charges that A. B. assaulted C. D. At common law, it would have been necessary to have averred the acts done, constituting the assault.—*Beasly v. State*, 18 Ala. 535 ; 19 Ala. 21 ; 58 Ala. 612. Conspiracy has no statutory definition. An indictment charging that A. B. and C. D. conspired together to unlawfully do an act in itself indictable, describing the unlawful act, is sufficient.—Crim. Code, p. 269. Such an indictment, under the decisions of this State, is wholly insufficient as a common-law indictment for a conspiracy.—*Miles v. State*, 58 Ala. 390. The same is true as to an affray.

In framing indictments, the statute authorizes the use of forms, "in other cases, as near similar as the nature of the case and the rules prescribed will admit." An indictment which charges an "attempt to feloniously take and carry away five dollars," &c., sufficiently states the facts to enable a person of common understanding to know that he is charged with having had a felonious intent to take and carry away the property, and, in consummation of that intent, he made an actual effort, "tried" to consummate the felonious intent. If the defendant had been indicted for the larceny of the money, and the proof had failed to show the larceny, but had shown some "effort" or "trial" of the defendant to commit the larceny, he might have been convicted of the attempt.— *Wolf v. State,* 41 Ala. 412. The indictment for the larceny includes every "active effort," or "trial," to consummate the larceny, without particularizing them ; and for this reason, the conviction for an attempt to commit the offense is permissible under an indictment charging the offense. An indictment which charges an "attempt" to commit the larceny, certainly gives the defendant the same information as to the facts of the offense for which he is put on trial, as an indictment for the offense itself.—*Lewis v. State*, 35 Ala. 381 ; *State v. Hughes*, 76 Mo. 323 ; *People v. Bush*, 4 Hill, (N. Y.) 133. We hold the indictment to be sufficient.

We find an error in the record, which compels a reversal upon other grounds. The record fails to show that the defendant pleaded to the indictment, or, standing mute, the court caused the plea of not guilty to be entered for him. The judgment-entry, after the demurrer to the indictment was overruled, recites that thereupon came a jury, &c., who upon their oaths do say, &c. There was no plea entered, and no issue joined.

There can be no trial on the merits in a criminal case until the defendant has pleaded not guilty, or this plea has been

entered for him by the court—*Fisher v. State*, 46 Ala. 723; *Ib.* 227; *Fernandez v. State*, 7 Ala. 511; 1 Bish. Cr. Pro. § 468. Reversed and remanded.