(78 South. 462)

CLAYTON et al. v. STATE. (4 Div. 506.)*

(Court of Appeals of Alabama. March 12, 1918. Rehearing Denied April 2, 1918.)

1. CRIMINAL LAW ☞995(2) — JUDGMENT OF CONVICTION—SUFFICIENCY.

As against contention that judgment of conviction fails to show that a plea of guilty was entered, judgment, reciting that "issue was joined," is conclusive that proper plea was interposed.

2. CRIMINAL LAW ☞321 — PRESUMPTION — REGULARITY OF PROCEEDING — COURTS OF GENERAL JURISDICTION.

A presumption lies in favor of the regularity of the proceeding of any court of general jurisdiction.

Appeal from Circuit Court, Covington County; A. B. Foster, Judge.

Roy Clayton and another were convicted of burglary, and they appeal. Affirmed.

A. Whaley, of Andalusia, for appellants. F. Loyd Tate, Atty. Gen., and Emmett S. Thigpen, Asst. Atty. Gen., for the State.

SAMFORD, J. [1] There is no bill of exceptions in the record, and the only error insisted upon is that the judgment rendered fails to show affirmatively that a plea of not guilty was entered by the defendants, or that, standing mute, such plea was entered for them by the court. The judgment recites:

"Comes the state by its solicitor and the defendants in person and by attorney, and issue being joined," etc. (The remaining part of the judgment is in all things regular.)

Defendants contend that the judgment must affirmatively show that the plea of not guilty was interposed either by the defendants or by the court for them. Upon a casual reading of the second headnote in Childs v. State, 97 Ala. 49, 12 South. 441, it would appear that this contention was sustained; but the opinion upon which this headnote is based states a very different rule. The opinion says:

"The record of the pleadings and judgment entry in the case affirmatively shows that the defendant was tried and convicted, as charged in the indictment, without having pleaded to the indictment, and affirmatively shows that the plea of 'not guilty' was not entered by the court for him, *and that there was no issue joined.*" (Italics ours.)

To the same effect is the decision in Jackson's Case, 91 Ala. 55, 8 South. 773, 24 Am. St. Rep. 860; and in Powell v. Henry & Co., 96 Ala. 414, 11 South. 311, McClellan, J., says: "The record * * * does not show that issue was ever joined," etc.

[2] The judgment in the instant case does affirmatively show that issue was joined. "It is an invincible presumption of the law,"

---

says 15 R. C. L. p. 875, "that a judicial tribunal, acting within its jurisdiction, has acted impartially and honestly, and the integrity and value of the judicial system, as an institution for the administration of public and private justice, rests largely upon this principle. Akin to this is the important one that a presumption lies in favor of the regularity of the proceedings of any court of general jurisdiction." The judgment, reciting that "issue was joined," is conclusive to show that the proper plea was interposed. Eslava v. Elliott, 5 Ala. 264, 39 Am. Dec. 326; Waller v. Campbell, 25 Ala. 544.

There is no error in the record, and the judgment is affirmed.

Affirmed.