(78 South. 463)

BRAY v. STATE. (1 Div. 281.)

(Court of Appeals of Alabama. March 12, 1918. Rehearing Denied April 2, 1918.)

1. CRIMINAL LAW ⬩995(2) — JUDGMENT OF CONVICTION—ESSENTIALS.

A judgment of conviction must affirmatively show that defendant pleaded to the indictment, or that, standing mute, the court caused the plea of not guilty to be entered for him.

2. CRIMINAL LAW ⬩995(8) — JUDGMENT — CONTRADICTION BY BILL OF EXCEPTIONS.

Judgment of conviction, reciting that defendant pleaded "not guilty," cannot be contradicted by recitals in the bill of exceptions.

3. HOMICIDE ⬩171(1)—MOTIVE OF DECEASED —EVIDENCE ADMISSIBLE.

Where the state's theory was that deceased while intoxicated boarded a car for the purpose of going home, but got off the car at the wrong place and went to defendant's home thinking it was his own, and when he attempted to enter was violently assaulted and killed by defendant, and deceased's motives and intentions rested in inferences, evidence of deceased's conduct, condition, and declarations attending the occasion was admissible.

4. CRIMINAL LAW ⬩531(3) — INCULPATORY STATEMENTS—PREDICATE—SUFFICIENCY.

In prosecution for manslaughter, testimony of officer that he did not make any threats, that no one made any in his hearing to induce the statement, that no inducement or reward was offered defendant, and that defendant was simply asked why he killed deceased, was sufficient to render admissible inculpatory statements of defendant made to such officer when defendant was taken into custody.

5. HOMICIDE ⬩171(1) — CORPUS DELICTI — EVIDENCE ADMISSIBLE.

The burden resting upon the state to prove the corpus delicti, in the present case the death of deceased by some criminal agency, any evidence tending to prove either of such facts was relevant and properly admitted.

6. CRIMINAL LAW ⬩476 — OPINION EVIDENCE—CAUSE OF DEATH.

Where a witness was shown to be an expert, the court properly overruled defendant's objections to questions propounded to elicit evidence tending to show that the blow on deceased's head caused his death.

7. CRIMINAL LAW ⬩459 — OPINION EVIDENCE—BLOOD STAINS.

All persons being more or less familiar with the appearance of stains caused by blood, no particular skill or experience is required to qualify a witness who saw stains to render his evidence with respect thereto admissible.

8. HOMICIDE ⬩124—JUSTIFIABLE HOMICIDE —TRESPASSER.

That deceased was trespasser when he entered defendant's habitation forcibly and against defendant's objections would not alone justify the taking of his life.

9. HOMICIDE ⬩116(1) — JUSTIFIABLE HOMICIDE.

To justify defendant in taking deceased's life, it must be shown that defendant or some member of his household was placed in impending danger of suffering death or serious bodily harm, or that the circumstances were such as to impress a reasonable man with the belief of such impending danger.

10. HOMICIDE ⬩268, 282—MANSLAUGHTER—EVIDENCE.

A general affirmative charge and affirmative charges as to manslaughter in the first and second degree held properly refused.

Appeal from Circuit Court, Mobile County; Norvelle R. Leigh, Jr., Judge.

Thaddeus Bray, alias, was convicted of manslaughter, and he appeals. Affirmed.

The person charged to have been slain was one Charles J. Adams. The method of the death was cutting. Officer Doyle testified that he arrested defendant after the killing, and defendant made a statement to him in regard to the killing. The officer testified that he did not make any threats, and no one made any in hearing to induce the statement, and that no inducement or reward was offered to him; that he simply asked him why he killed the man, and defendant answered he did not know that he had killed anybody; but that he had had a fight that night with a man in his house, and struck the man over the head with a chair. Witness further stated that he examined the body, and the house, and was asked what was the appearance of the front there, and there was ice on the front and a good spot of blood on the gallery. This was objected to by defendant, and objection overruled. The witness also testified to finding in the house a badly broken chair. Defendant requested the following written charges: Affirmative charges as to manslaughter in the first and second degree. The general affirmative charge:

(B) The court charges the jury that, if any one juror on this jury is not satisfied from the evidence in this case beyond a reasonable doubt of defendant's guilt, it is your duty to give defendant the benefit of the doubt, and acquit him.

Bart B. Chamberlain, of Mobile, for appellant. F. Loyd Tate, Atty. Gen., and David W. W. Fuller, Asst. Atty. Gen., for the State.

BROWN, P. J. [1] It is well settled that the judgment of conviction in a criminal case must affirmatively show that the defendant pleaded to the indictment, or that, standing mute, the court caused the plea of not guilty to be entered for him. Code 1907, § 7565; Jackson v. State, 91 Ala. 55, 8 South. 773, 24 Am. St. Rep. 860; Hamilton v. State,

147 Ala. 110, 41 South. 940. See Clayton v. State, 78 South. 462.¹ And the judgment cannot be aided or contradicted by the recitals in the bill of exceptions as to matters which must affirmatively appear in the record proper. 6 Mayf. Dig. 82, § 1; Taylor v. State, 112 Ala. 69, 20 South. 848; Mobile Light & R. R. Co. v. Thomas, ante, p. 313, 77 South. 463.

[2] The judgment entry in this case recites that the "defendant was arraigned on the indictment charging him with the offense of manslaughter in the first degree, to which charge he pleaded not guilty," and this recital cannot be contradicted by the bill of exceptions.

[3] The state's theory of the case, as disclosed by the evidence, is that the deceased, on the night he was killed, and while in an intoxicated condition, boarded the Pritchard car about 7 o'clock in the evening, for the purpose of going to his home; that Terrilltown was on the car line between the place where deceased boarded the car and his home, and deceased, thinking that he had arrived at his destination, got off the car at Terrilltown, and went to the defendant's home, under the delusion that it was his own home, and attempted to enter it; that he was there violently assaulted and killed by the defendant. Evidence tending to prove these facts was pertinent to the issues in the case, and deceased's motives and intentions when he boarded the car, as well as when he attempted to enter defendant's house, rested in inference, and could only be proven by his conduct, condition, and declarations attending the occasion, and all such evidence was admissible. Jacobi v. State, 133 Ala. 1, 32 South. 158; Hardaman v. State, ante, p. 408, 78 South. 324; Holton v. Ala. Mid. R. R., 97 Ala. 275, 12 South. 276.

[4] The predicate essential to render the inculpatory statements of the defendant made to the officer when he was taken into custody admissible against him was sufficient. Fortner v. State, 12 Ala. App. 180, 67 South. 720; Pearce v. State, 14 Ala. App. 120, 72 South. 213; Bufford v. State, 14 Ala. App. 69, 71 South. 614.

[5] One of the elements of the burden of proof resting upon the state was to prove the corpus delicti—in this case the death of Adams by some criminal agency—and any evidence tending to prove either of these facts was relevant and properly admitted. Pearce v. State, supra.

[6, 7] Dr. Madler was shown to be an expert, and the court properly overruled the defendant's objections to the questions propounded to him eliciting evidence tending to show that the blow on the deceased's head caused his death. Pearce v. State, supra. All persons are more or less familiar with the appearance of stains caused by blood, and it has been repeatedly held that no particular skill or experience is required to qualify a witness who saw the stains to render his evidence with respect thereto admissible. Underhill's Crim. Ev. § 334; Walker v. State, 153 Ala. 31, 45 South. 640.

[8, 9] The deceased was a trespasser when he entered the defendant's habitation forcibly and against defendant's objection, but this fact in itself could not justify the taking of his life. Unless deceased was killed in the act of committing a felony, to justify the defendant in taking his life, it must be shown that the defendant or some member of his household was placed in impending danger of suffering death or serious bodily harm, or that the circumstances were such as to impress a reasonable man with the belief of such impending danger, and if without such danger the defendant committed a murderous assault on the deceased, using more force than was necessary to eject him from the defendant's place of habitation, or save himself or those of his household from such peril and thus caused the death of the deceased, the defendant would not be guiltless. Carroll v. State, 23 Ala. 28, 58 Am. Dec. 282; Harrison v. State, 24 Ala. 67, 60 Am. Dec. 450; Brinkley v. State, 89 Ala. 34, 8 South. 22, 18 Am. St. Rep. 87, 13 R. C. L. p. 840, § 144; Askew v. State, 94 Ala. 4, 10 South. 657, 33 Am. St. Rep. 83.

[10] Under the evidence, these were questions for the jury, and the several charges requested by the defendant were properly refused.

We find no error in the record, and the judgment is affirmed.

Affirmed.