216 So.2d 302

George McCLENDON

v.

STATE.

8 Div. 202.

Court of Appeals of Alabama.

Nov. 26, 1968.

No attorney marked for appellant.

MacDonald Gallion, Atty. Gen., for the State.

JOHNSON, Judge.

This is an appeal from the County Court of Marshall County, Alabama, wherein the appellant was found guilty of a non-existent offense of threatening to use a deadly weapon.

Tit. 14, Sec. 36, Code of Ala., 1940, states:

"Whoever draws, or threatens to use, any pistol, dirk, knife, slungshot, or other deadly or dangerous weapon, already drawn upon any other person, shall be fined not less than one dollar nor more than five hundred dollars, to which may be added hard labor for the county not exceeding six months, but the provisions of this section shall not apply to a person drawing or threatening to use such dangerous or deadly weapon in defense of his person or property, or in defense of those entitled to his protection by law."

The complaint under which the appellant was convicted states as follows:

"Before, H. H. Conway, District Attorney of Marshall County, personally appeared Judy Nelms, who by me being first duly sworn, deposes and says that there is probable cause for believing, and she does believe, that within twelve months before making this affidavit and in said County George McClendon, did threaten to use a deadly weapon to-wit: a pistol on the person of Judy Nelms against the peace and dignity of the State of Alabama."

In our opinion the complaint is void in that it fails to state an offense and does not sufficiently inform the defendant of what he is being called upon to defend against.

The complaint charges that the defendant threatened to use a deadly weapon, to-wit, a pistol. However, it fails to include an essential element of the statute: viz., the drawing of the pistol. In fact, from aught that appears from the complaint the defendant could be charged with having threatened to shoot someone without even having a pistol in his possession. This obviously is not what the statute was intended to prohibit.

There is no recitation in the judgment entry of the defendant's having made a plea to the complaint. Nor is there any showing that he stood mute and had a plea of not guilty entered for him by the court. Tit. 15, Sec. 276, Code of Ala., 1940.

In Bray v. State, 16 Ala.App. 433, 78 So. 463, the court stated:

"It is well settled that the judgment of conviction in a criminal case must affirmatively show that the defendant pleaded to the indictment, or that, standing mute, the court caused the plea of not guilty to be entered for him."

See also Huddleston v. State, 37 Ala.App. 57, 64 So.2d 90; Jackson v. State, 91 Ala. 55, 8 So. 773; Sexton v. State, 29 Ala.App. 336, 196 So. 742, cert. den. 239 Ala. 662, 196 So. 746

The absence of a plea by the defendant or one of not guilty entered by the court on his behalf must also cause a reversal.

There can be no trial on the merits in a criminal case until the defendant has pleaded not guilty, or this plea has been entered for him by the court. *Jackson,* supra; *Huddleston,* supra.

For the reasons set out hereinabove, the judgment in this cause is due to be reversed and a judgment is hereby rendered discharging the appellant.

Reversed and rendered.