270 So.2d 680

**Ozzie NEWSOME**

v.

**STATE.**

8 Div. 101.

Court of Criminal Appeals of Alabama.

Dec. 5, 1972.

Holt & McKenzie, Florence, for appellant.

MacDonald Gallion, Atty. Gen., and Charles H. Barnes, Asst. Atty. Gen., for the State.

ALMON, Judge.

Ozzie Newsome was indicted for transporting in quantities of five gallons or more alcoholic beverages prohibited by law. He was arrested by police officers after a high speed nighttime chase on the highways of Lauderdale County. They found fifty or fifty-one cases of beer, which appellant later admitted having obtained in Tennessee. Appellant failed to appear in court for arraignment on September 18, 1968. The record contains the following:

"JUDGE HILL: State of Alabama. against Ozzie Newsome, Case No. 13448—

"DONALD HOLT: Judge, I represent him and haven't been able to get in touch with him, but the plea will be not guilty and we will be here and ready for trial.

"THE COURT: We will arraign him then on the day of the trial. Let the record show that the Attorney for the Defendant waives arraignment today and he will be arraigned on the day of the trial and the case is set for trial for October 7th."

At the trial, however, no further mention was made of the arraignment. After the selection of the jury, the record contains the following entry:

"THE COURT: Lady and Gentlemen of the Jury, we are ready for the opening statements by the Attorneys. The State first will state the charge, their contentions and what they except the evidence to show, and then the Defendant will state his defense and what he expects the evidence to show, and you will decide the case on the sworn evidence from the witness stand. From the State first.

.    .    .    .    .    .

"THE COURT: All right, Go ahead, Mr. Tate.

"(Mr. Tate read the Indictment and stated the case to the jury.)

"THE COURT: Now, from the Defendant.

"(Mr. Holt stated the Defendant's case to the jury and pleaded not guilty.)"

The jury found appellant guilty and the court sentenced him to two years imprisonment Appellant then moved for a new trial and the court granted the motion. He was retried and found guilty a second time, whereupon the court sentenced him to three years imprisonment.

■ Appellant first urges that he was not properly arraigned before the first trial by having the indictment read to him and having the opportunity to plead in person to the offense charged. The applicable statutes are §§ 276 and 288–10 of Tit. 15, Code of Alabama, 1940, recompiled 1958, which reads as follows:

"§ 276. If a defendant, when arraigned, refuses or neglects to plead, or stands mute, the court must cause the plea of not guilty to be entered for him."

"§ 288–10. The pleas of guilty and not guilty may be made either orally or in writing."

The decisions of our Supreme Court and of this Court support appellant's contention. The statutes require that a defendant be arraigned and advised by the court of the charge against him, and further, that where the defendant has been indicted for a felony, he must be called upon to plead in person. Thomas v. State, 255 Ala. 632, 53 So.2d 340, and Boyd v. State, 41 Ala. App. 507, 138 So.2d 60. If the record does not affirmatively show that the defendant pleaded in person to the indictment, or, if he stood mute, that the court entered a plea of not guilty for him, then the judgment of confiction must be reversed. Hamilton v. State, 147 Ala. 110, 41 So. 940; McClendon v. State, 44 Ala.App. 558, 216 So.2d 302; and Rorex v. State, 44 Ala.App. 112, 203 So.2d 294.

■ The record reveals that at no time after the appellant failed to appear on the date set for his arraignment was he called upon to answer in person the charges of the indictment. This oversight could have been cured by the trial court's entering a plea of not guilty for appellant as if he had stood mute when called upon to plead to the indictment. This could have been done at any time before or during the trial before the jury retired, since it is obvious from the record that the trial was conducted with the full consent and participation of the appellant. Fernandez and White v. State, 7 Ala. 511; Carr v. State, 43 Ala. App. 481, 192 So.2d 741. The mere notation, "issue being joined," has been held to satisfy the requirement of an arraignment and plea. Clayton v. State, 16 Ala.App. 432, 78 So. 462.

As the record fails to show that appellant personally pleaded to the indictment or that the trial court entered a plea of not guilty for him, the judgment of conviction must be reversed.

■ Appellant testified at trial that he was passing through Alabama on his way to deliver the beer to a man in Mississippi. He argues on appeal that the above testimony was not sufficiently rebutted by the State. Whether the prohibited alcoholic beverages were destined for Alabama or were in interstate commerce was a question for the jury. Dotson v. State, 24 Ala.App. 216, 135 So. 159, cert. denied 223 Ala. 229, 135 So. 160. Had the jury determined appellant to be in fact in route to Mississippi, his journey would fall within the protection afforded by the interstate commerce clause of the United States Constitution. Alcohol Division, etc., v. State, 258 Ala. 384, 63 So.2d 358; Barnett v. State, 243 Ala. 410, 9 So.2d 267.

■ Therefore, the issue is whether the State presented evidence which made a prima facie case against the appellant. We hold that it did, as we have previously held under similar circumstances. Miller v. State, 39 Ala.App. 584, 105 So.2d 711, cert. denied 268 Ala. 692, 105 So.2d 714. In

**252**

that case we held that flight by the defendant from law enforcement officers, coupled with the facts that he was the driver of a car undisputedly carrying a prohibited beverage in the requisite quantity, made a prima facie case against the defendant. Similar facts were in evidence in the instant case. Whether appellant's testimony concerning the destination of the illegal beer was sufficient to rebut the State's prima facie case was a question for the jury. Cases cited, supra.

■ At the conclusion of appellant's second trial the trial judge imposed a three year sentence. This was one year more than the sentence imposed after the first trial. In Simpson v. Rice, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, decided three months prior to imposition of the second sentence here, the United States Supreme Court held that the Due Process Clause of the Fourteenth Amendment of the United States Constitution requires that the reasons for imposing a longer sentence after a second trial must be set out in the record by the sentencing judge in order to avoid a claim of judicial impropriety on his part against a defendant for having successfully attacked his first conviction. We quote from *Simpson*:

" . . . Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal."

For the foregoing reasons, the judgment of the court below is hereby reversed and the cause remanded.

Reversed and remanded.

All the Judges concur.