296 So.2d 254

Jerome **LUDLUM**, alias

v.

**STATE.**

**4 Div. 283.**

Court of Criminal Appeals of Alabama.

June 4, 1974.

James M. Prestwood, Andalusia, for appellant.

William J. Baxley, Atty. Gen., and Otis J. Goodwyn, Asst. Atty. Gen., for the State.

TYSON, Judge.

The Grand Jury of Covington County charged the appellant in a three-count indictment with the embezzlement, buying, receiving, or concealing, or grand larceny of some shirts, the personal property of Alatex, Inc., a Corporation. The Jury found the appellant guilty under Count One, and the judgment of the trial court set sentence at one year and one day imprisonment in the penitentiary.

I

The trial court in its order of July 5, 1972, set the arraignment of this cause for August 2, 1972.

On August 2, 1972, the appellant filed demurrers, and on August 24, 1972, filed a motion to produce. This motion was set for hearing for September 19, 1972, at which time the motion was heard and granted in part, and denied in part.

Also on September 19, 1972, the appellant, through counsel, filed a motion to suppress, which was also heard and denied on that date.

Thereafter, on September 18, 1973, the appellant, through counsel, filed pleas of autre fois acquit and former jeopardy, which pleas were heard on September 18, 1973, with the following order being entered by the court:

"It is the ruling of the Court that the plea is insufficient and the defendant should get on with the trial."

On September 19, 1973, the trial of the cause commenced with the Jury bringing in its verdict and the court entering its judgment on September 20, 1973.

The Minute Entry in this cause reads as follows:

"JURY VERDICT AND JUDGMENT OF THE COURT

"On this 2nd day of August, 1972, in open Court came the State of Alabama by its District Attorney, and the Defendant in his own proper person, and with his attorney, and the Defendant in open Court on this day being arraigned on the indictment in this case charging him with the offense of Grand Larceny, Embezzlement, Buying, Receiving, Conc. Stolen property.

"Now on this 20th day of September, 1973, the trial of this case having been regularly set for this day, thereupon, in Open Court on this day in the presence of the District Attorney, Defend-

ant's Attorney, and Defendant, came a jury of good and lawful men and women, to-wit:

"J. H. Snowden, Foreman, and eleven others, who having heard the evidence and the charge of the Court, upon their oaths, in open Court on this day in the presence of the District Attorney, Defendant's Attorney, and Defendant, so say: 'WE, THE JURY, FIND THE DEFENDANT GUILTY AS CHARGED UNDER COUNT 1 OF THE INDICTMENT. J. H. Snowden, Foreman.'

"Thereupon, in open Court on the 20th day of September, 1973, the Defendant being asked by the Court if he had anything to say why the judgment and sentence of the law should not be passed upon him replied: 'He had not.'

"It is therefore, considered and adjudged by the Court that the Defendant is guilty of the offense of Embezzlement, as charged in the indictment, and that the State of Alabama, for the use of Covington County, have and recover of the Defendant the cost of this prosecution for which let execution issue, and that the Defendant be imprisoned in the Penitentiary of Alabama for the term of a year and a day.

"Now on this day, the defendant gave notice of appeal and moved the Court to suspend sentence pending said appeal. The Court granted the motion, suspended sentence, and fixed bail in the sum of $3,000.00, pending said appeal."

Presiding Judge Bricken, speaking for this Court in Chesnut v. State, 35 Ala. App. 376, 47 So.2d 248, stated the following:

"There can be no trial on the merits in a criminal case until the defendant has pleaded not guilty, or this plea has been entered for him by the court; Jackson v. State, 91 Ala. 55, 8 So. 773, 24 Am.St.Rep. 860; Howard v. State, 165 Ala. 18, 50 So. 954; Bowen v. State,

98 Ala. 83, 12 So. 808; Childs v. State, 97 Ala. 49, 12 So. 441."

This Court, in McClendon v. State, 44 Ala.App. 558, 216 So.2d 302, observed:

"There is no recitation in the judgment entry of the defendant's having made a plea to the complaint. Nor is there any showing that he stood mute and had a plea of not guilty entered for him by the court. Tit. 15, Sec. 276, Code of Ala., 1940.

"In Bray v. State, 16 Ala.App. 433, 78 So. 463, the court stated:

" 'It is well settled that the judgment of conviction in a criminal case must affirmatively show that the defendant pleaded to the indictment, or that, standing mute, the court caused the plea of not guilty to be entered for him.'

"See also Huddleston v. State, 37 Ala. App. 57, 64 So.2d 90; Jackson v. State, 91 Ala. 55, 8 So. 773; Sexton v. State, 29 Ala.App. 336, 196 So. 742, cert. den. 239 Ala. 662, 196 So. 746.

"The absence of a plea by the defendant or one of not guilty entered by the court on his behalf must also cause a reversal." See also Rorex v. State, 44 Ala.App. 112, 203 So.2d 294.

Most recently this Court, through Almon, J., in Newsome v. State, 49 Ala.App. 248, 270 So.2d 680, stated:

" . . . This oversight could have been cured by the trial court's entering a plea of not guilty for appellant as if he had stood mute when called upon to plead to the indictment. This could have been done at any time before or during the trial before the jury retired, since it is obvious from the record that the trial was conducted with the full consent and participation of the appellant. Fernandez and White v. State, 7 Ala. 511; Carr v. State, 43 Ala.App. 481, 192 So.2d 741. The mere notation, 'issue being joined,' has been held to satisfy the requirement of an arraignment and plea. Clayton v. State, 16 Ala.App. 432, 78 So. 462."

A careful check of the record in this cause, and the Minute Entry itself, shows that nowhere therein was there a plea entered by the appellant personally, or through counsel, or entered by the trial court in behalf of the appellant, of not guilty, as if he had stood mute.

It therefore follows that the judgment of the court below is due to be and is hereby reversed and the cause remanded.

Reversed and remanded.

All the Judges concur.