BOWEN W. SIMMONS, Supernumerary Circuit Judge.
Defendant was indicted and convicted for buying, receiving and concealing stolen personal property. The court imposed a sentence of ten years in the penitentiary. A proper judgment consistent with the sentence was entered. This appeal followed.
There was a prior trial and sentence of seven years for the same offense. For error in this first trial the judgment was reversed and the cause remanded.
We do not deem it necessary to elucidate here on the several rulings of the court that were made on the merits of the trial prior to judgment entry. We do not find in our mandated search of the record any prejudicial rulings that justify a reversal. Under the circumstances we think the judgment should be affirmed.
But we do find sufficient error that justifies a remand of the cause for a review and reconsideration of the sentence.
Defendant on December 16,1975, filed his motion for a reduction of sentence. The court denied this motion on December 16, 1975. We think the motion should receive further consideration and the cause is remanded to the trial court for that purpose.
There is a differential of three years between the two sentences. The first judgment, as we have noted, imposed a sentence of seven years and the second judgment on retrial of the cause was ten years.
The record fails to show any valid reason why the second sentence was longer than the first. The existence of such a reason is a prerequisite for increasing the sentence. Newsome v. State, 49 Ala.App. 248, 270 So.2d 680. This Court in Newsome quoted from Simpson v. Rice, 395 U.S. 711, 89 S.Ct. 2072, 22 L.Ed.2d 656, which we again quote:
“ * * * Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be part *475 of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.”
If after remand a longer sentence than seven years imprisonment is imposed, the court must set out in the record his reasons therefor; the reasons must be based on identifiable conduct on the part of defendant occurring after the original sentence proceedings.
The sentence imposed must be credited with the time, if any, that the defendant has served on the first sentence, Simpson, supra.
We therefore remand the cause for appropriate sentencing consistent with the mandate of Newsome and Simpson, supra.
The foregoing opinion was prepared by Supernumerary Circuit Judge BOWEN W. SIMMONS, serving as a judge of this Court under Section 2 of Act No. 288 of July 7, 1945, as amended; opinion is hereby adopted as that of the Court. The judgment is hereby affirmed. The cause is remanded with directions.
AFFIRMED; REMANDED WITH DIRECTIONS.
All the Judges concur.