FAULKNER, Justice.
Writ quashed as improvidently granted.
In quashing this writ, we wish to be understood as specifically disapproving the following language in the plurality opinion of the Court of Criminal Appeals, viz.:
“The trend of the new rules of court procedure now controlling is to get away from technical disposition of cases and to reach the merits of the dispute. This is a very good case to observe this new trend. We conclude that the failure of the trial court to ask defendant how he pleads was a technical and harmless omission that did not deny defendant any rights.”
There are no new rules of court procedure with respect to criminal cases, as yet. Moreover, we cannot agree that the alleged failure to ask defendant how he pleads is “harmless” error.
To the contrary, the rule of our decisions is that the judgment entry must contain a statement that the defendant was arraigned in open court. Bray v. State, 16 Ala.App. 433, 78 So. 463 (1918).
Here, the judgment entry recites “issue joined.” This has been held to be sufficient to satisfy the requirement of an arraignment and plea. Newsome v. State, 49 Ala.App. 248, 270 So.2d 680 (1972).
WRIT QUASHED.
BLOODWORTH, MADDOX, JONES, ALMON, EMBRY and BEATTY, JJ., concur.
HEFLIN, C. J., and SHORES, J., not sitting.