Appellant-defendant, on appeal from the General Sessions Court of Mobile County, was found guilty by a jury of driving a motor vehicle on a public highway while under the influence of intoxicating beverages. The court sentenced him to imprisonment in the Mobile County Jail for a period of sixty days.
Briefly, it appears that defendant was traveling in an automobile on a public highway when he was observed and clocked by a highway patrolman traveling at an excessive speed. The officer gave chase that culminated on a dirt exit off the public road where defendant stopped and refused to be arrested. Other officers soon reached the scene and with their aid, an arrest was made.
The evidence fully supports the solicitor's information that the defendant was driving the automobile while intoxicated. Defendant's contention that he consumed the alcoholic beverages after he stopped and was not driving as charged created an issue of fact for the jury.
However, the judgment must be reversed and the cause remanded for two errors.
 I
The original judgment recited that the defendant entered a plea of not guilty to the information. The judgment was amended on motion of defendant, and this recitation was omitted. So as the record stands, there was no arraignment and no plea of defendant to the information. This omission was error to reverse. In that state of the record, the motion to exclude should have been granted. Arraignment on the instant charge was necessary in view of the mandate of the trial de novo. Thomasv. State, 255 Ala. 632, 53 So.2d 340 (9); Ludlum v. State,52 Ala. App. 631, 296 So.2d 254; Bray v. State, 16 Ala. App. 433,78 So. 463; Huddleston v. State, 37 Ala. App. 57, 64 So.2d 90, cert. denied 258 Ala. 579, 64 So.2d 102.
Although the above cited cases involve felonies, we see no reason why the pronouncements relative to arraignments should not apply to the instant case which was tried de novo. In support of such necessity for an arraignment in the misdemeanor here involved, see Rorex v. State, 44 Ala. App. 112,203 So.2d 294 (1).
 II
Appellant asserts that the State failed to lay a proper predicate for the introduction in evidence of the P.E.I. test. Such introduction over defendant's objection was error. Myrickv. City of Montgomery, 54 Ala. App. 5, 304 So.2d 247 (2); Pattonv. City of Decatur, Ala., 337 So.2d 321; Weaver v. City ofBirmingham, Ala. Cr.App., 340 So.2d 99. In Weaver, we were dealing with a State prosecution for driving while intoxicated.
In Patton, which was a city prosecution, the Supreme Court, in reversing and remanding to this Court, observed:
 "Our decision, moreover, is not to be construed as a rejection of results of the photoelectric Intoximeter when introduced as evidence against persons charged with driving while under the influence of intoxicating liquor. Although *Page 795 
intoxication levels obtained from the P.E.I. and similar blood alcohol content measuring devices have been fraught with evidentiary challenges as to their probative value in criminal proceedings; see State v. Bessette, 130 Vt. 438, 296 A.2d 179 (1972); we have been willing to accept these results and statutory presumptions which attach therefrom where the record is devoid of matters which substantially draw into doubt their accuracy. Rivers v. Black, 259 Ala. 528, 68 So.2d 2 (1953); Bonner v. State, 52 Ala. App. 346, 292 So.2d 460 (1974). Furthermore, the legislature has declared that the results of P.E.I. tests `shall be admissible as evidence.' Tit. 36, § 155 (a), supra. Accordingly, in passing on a conviction which was based in part on the results of a P.E.I. test, the only concern of this court is to ascertain whether the will of the legislature has been obeyed. We hold that an affirmative response to that inquiry cannot follow where there are no written standards governing the manner in which P.E.I. tests are to be performed by state law enforcement agencies. "It would be a simple matter to profer a duly certified and authenticated copy of methods or regulations duly adopted or approved by the State Board of Health. When such copy is admitted in evidence, then the proponent could ask the witness predicatory questions." [Footnote omitted.]
We note that the instant case was tried on May 20, 1976; thatPatton was released by the Supreme Court on June 18, 1976; andWeaver released by this Court on December 7, 1976.
The judgment in the instant case is reversed and the cause is remanded for such disposition as may be lawfully appropriate.
REVERSED AND REMANDED.
All the Judges concur.