TYSON, Judge.
Daniel P. O’Leary was indicted by the grand jury for the offense of possession of marijuana. His jury trial resulted in a conviction and sentence of fifteen years imprisonment in the penitentiary.
The dispositive issue on this appeal is whether or not the appellant was ever arraigned on the charge for which he was indicted and convicted. From our examination of the record we conclude he was not so arraigned and, therefore, reverse and remand this cause for a new trial.
Appellant was called for arraignment on January 23, 1978, but was not present. There is no dispute as to this date. At that time defense counsel moved the court to postpone arraignment until the day of trial so that appellant, who resided out of state, would not be forced to make a long trip solely for the purpose of arraignment. The court granted this motion (see Supp. E, pp. 59-60).
The trial of the case began on July 31, 1978, and the appellant was subsequently found guilty by the jury. The original minute entry in this cause reads as follows (Vol. IV, p. 708):
*215 “JURY & VERDICT
“8/2/78; This day in open Court came the State of Alabama by its District Attorney, and the Defendant in his own proper person, and with his attorney, and the trial of this case having been regularly set for this day, thereupon, in open Court on this day in the presence of the District Attorney, defendant’s attorney, and the defendant, came a jury of good and lawful men and women, to-wit: Morgan J. Odom, and eleven others, who, having been duly impanelled and sworn according to law, who, having heard the evidence, and the charge of the Court, upon their oaths, in open court on this day in the presence of the District Attorney, defendant’s attorney and the defendant, do say: ‘WE, THE JURY, FIND THE DEFENDANT GUILTY.’ “Thereupon in open court on this day the defendant in the presence of his attorney being asked by the Court if he had anything to say why the judgment and sentence of the law should not be passed upon him, replied ‘he had not.’ It is therefore considered and adjudged by the Court that the defendant is guilty of the offense of Possession of Controlled Substances, and that the defendant be and he is hereby sentenced to a period of Fifteen (15) years in the State Penitentiary. “Sentence suspended pending appeal and appearance bond set in the amount of One Hundred Thousand Dollars ($100,-000.00).”
On January 29, 1979, a motion to correct or modify the record was filed by the State of Alabama (Supp. E, pp. 90-91). The motion requested the trial court to correct the record by adding an arraignment of the appellant to the minute entry. On February 12, 1979, a hearing on the motion was conducted.
Morgan Odum, a resident of Foley, Alabama, testified that he was a juror at appellant’s trial on July 31,1978. He stated that he remembered seeing the prosecutor read the charges to the appellant and that he remembered that the appellant plead not guilty thereto. On cross-examination, Mr. Odum testified that he had been on juries in two previous criminal trials and he saw the defendants in both trials arraigned immediately prior to trial. He recalled that the appellant was called upon to plead prior to voir dire examination of the jury. He stated he never discussed appellant’s alleged arraignment with the district attorney until a few minutes before the hearing that day.
Thomas Benton, Sheriff of Baldwin County, testified that he recalled that the appellant was arraigned the morning of his trial and that the court reporter was not present at the time. He stated that his recollection of the sequence of events on the morning of trial was as follows: First, the sheriff called the roll of the jury, then the judge sounded the docket. According to the sheriff, when the O’Leary case, this instant cause, was sounded, the judge called the appellant before him and held the arraignment. Thereafter, the jury was struck and the case proceeded to trial.
Bobby Stewart, Chief Criminal Investigator for Baldwin County, testified that he was present in court on the morning of July 31, 1978, and remembered the appellant’s being arraigned. He stated that after the indictment was read the judge instructed him to go find the court reporter, who was absent from the courtroom at that time. On Cross-examination, Mr. Stewart stated that one of appellant’s lawyers answered for the appellant when he was called upon to plead.
William Kenneth Gibson testified that he is an attorney in Fairhope, Alabama, and was one of the attorneys who represented the appellant at trial on July 31, 1978. His recollection of the events that morning was as follows: First, the judge sounded the docket. When appellant’s case came up, Lloyd Taylor, another of appellant’s attorneys, made an oral motion to continue the case pending the resolution of a motion before the United States Supreme Court which concerned the present case. The trial judge denied the motion and the attorneys proceeded with the voir dire examination and selection of the jury. Thereafter, the trial proceeded with the various witnesses *216 who were called and who testified. Mr. Gibson stated that the court reporter was present during these proceedings and that at no time did appellant plead to the indictment. Mr. Gibson explained that, at the time of trial, he was under the impression that the appellant had been arraigned earlier and he did not become aware of the omission until the record had been transcribed.
Lloyd Taylor testified that he also represented the appellant at his trial on July 31, 1978. His testimony covered substantially the same ground as that of Mr. Gibson. He stated that appellant’s lawyers had taken great pains to instruct the court reporter to take down every word that was spoken in regard to the O’Leary case whether it was part of the official record or not. Mr. Taylor stated positively that at no time was the appellant ever arraigned nor was a plea of not guilty ever entered on his behalf by the trial court. Mr. Taylor said one reason he is so sure that there was no arraignment was that no competent defense attorney would have allowed his client to have been arraigned in the presence of prospective jurors.
The defense also placed into evidence at this hearing affidavits signed by appellant’s other attorneys at trial, Honorable Phillip Carlton, Jr., Honorable Peter F. K. Bara-ban, and Honorable Robert B. French, Jr. The affidavits stated that to the best of the attorneys’ information, knowledge and belief the appellant was not arraigned on July 31, 1978, the date of trial.
At the close of the hearing, the trial court granted the State’s motion and caused the following minute entry to become part of the record (Supp. E, p. 106):
“... [T]he Court having heard the argument of counsel on said motion, and considered and understood the same, is of the opinion that the same is well taken and the said motion should be granted: It is therefore ordered and adjudged by the Court that said Motion to Correct or Modify the Record be and the same hereby is granted to show that on July 31,1978, the Defendant was arraigned in open Court with his attorneys of record, and entered a plea of not guilty.”
Thereafter, on February 21,1979, defense counsel filed a motion for reconsideration or in the alternative for specific findings. This motion was denied.
On March 12, 1979, this court granted appellant’s petition for writ of mandamus in Ex parte Daniel P. O’Leary, 1 Div. 40, and thereby directed the trial court to order a transcription of the court reporter’s notes made prior to trial on July 31, 1978, and further directed the trial court to hold another hearing.
A second hearing on the matter was held on August 21, 1979. The defense first called David Williams, who testified that he was one of the court reporters at appellant’s trial. Mr. Williams identified a transcript of stenographic notes he made on the morning of July 31, 1978. Mr. Williams stated that prior to trial he agreed with the defense attorneys to take down all of the proceedings regarding the appellant. He stated further that the transcription of the notes he took that morning reflected all of the proceedings that took place in his presence (Supp. F, pp. 9-10). From the record (Supp. F, p. 11):
“Q. Do your notes start off with the sounding of the docket of Daniel P. O’Leary? When Daniel P. O’Leary’s name was sounded, isn’t that what your first notes show?
“A. Right. Mr. Hendrix said, ‘We come to Daniel P. O’Leary.’
“And that’s the notes that I have. What went on prior to that, I don’t know. “Q. Now, did you leave the courtroom while any proceedings were going on after that point in time?
“A. No, not until one o’clock.”
The transcript of Mr. Williams’ stenographic notes absolutely does not reflect an arraignment of the appellant.
Phillip Carlton, Jr., Robert B. French, Jr., and Peter F. K. Baraban all testified that they were attorneys for the appellant and that they were present during all the proceedings on July 31,1978. All testified that *217 the appellant was not arraigned, nor was a plea entered for him by the court on this date or during trial. These attorneys also stated that the court reporter was always present during all proceedings involving the appellant.
The appellant also testified that he never pleaded to the indictment.
At the close of this hearing, the trial court again concluded that “the Defendant was arraigned in open court with his attorneys of record on July 31,1978, and entered a plea of not guilty” (Supp. F, p. 100).
I
We have carefully examined the original record of four volumes and reviewed the voluminous supplement of ten volumes, plus exhibits, in this cause and are of the opinion that the trial court erred in finding that appellant was in fact arraigned on the morning of trial in this cause, to-wit, July 31, 1978.
“... [W]e are not unmindful of the rule that when, as here, the evidence was heard orally by the trial judge, his findings have the weight of a jury’s verdict and will not be disturbed on appeal unless palpably wrong or unjust.
“We are unwilling to say that there was no evidence from which the trial court could find the defendant guilty. The judgment of a trial court is a solemn pronouncement, and an appellate court should most hesitantly disturb it.
“On the other hand, the duty remains in this Court ‘to revise the verdict of juries and the conclusions of trial judges on questions of fact, where, in our opinion, after making all proper allowances and indulging all reasonable intendments in favor of the court below, we reach a clear conclusion that the finding and judgment are wrong.’ Bowen v. State, 32 Ala.App. 357, 26 So.2d 205; Taylor v. State, 30 Ala.App. 316, 5 So.2d 117.”
Kelly v. State, 273 Ala. 240, 243, 244, 139 So.2d 326 (1962).
It has long been the law in Alabama that reversal of a conviction is mandated if the record does not affirmatively show that the defendant pleaded to the indictment either personally or through counsel or that the court caused the plea of not guilty to be entered for him before the jury retired. Rucker v. State, Ala., 340 So.2d 830 (1976); Ludlum v. State, 52 Ala.App. 631, 296 So.2d 254 (1974); Newsome v. State, 49 Ala.App. 248, 270 So.2d 680 (1972); Strong v. State, 47 Ala.App. 238, 252 So.2d 659 (1971); Huddleston v. State, 37 Ala.App. 57, 64 So.2d 90 (1953).
Because of our holding we must reverse and remand this cause for a new trial; we, therefore, pretermit discussion of appellant’s other assignments of error.
REVERSED AND REMANDED.
All the Judges concur.