The Town of Gulf Shores, Alabama, presents this court with a Petition for Writ of Mandamus, seeking to require the circuit court to set aside its order and judgment entered on February 4, 1982, determining that Linda Trabosh Jones was due to be discharged, in that no arraignment appeared on the record, and that the court then granted the defendant's oral motion to so discharge the said Linda Trabosh Jones.
The issue thus presented by this record is whether or not there was a proper arraignment in this cause of Linda Trabosh Jones and if not did the circuit court err in granting the defendant's oral motion to discharge the said Linda Trabosh Jones.
There is no transcript of the evidence of the proceedings in either the Municipal Court of Gulf Shores or the Circuit Court of Baldwin County in this cause.
However, a duly certified copy of the proceedings in the municipal court showing that Linda Trabosh Jones was charged by information in the Municipal Court of Gulf Shores for the offense of driving under the influence of alcohol, to which she entered a plea of not guilty on December 9, 1980, and thereafter, upon trial, was found guilty and fined $200.00 plus costs is filed. Notice of appeal was given on December 15, 1980, and a certified transcript of the inferior court proceedings forwarded to the circuit court under date of December 17, 1980, and docketed in the Circuit Court of Baldwin County on December 19, 1980. Thereafter the trial docket sheet of the circuit court indicates the cause was continued on four different occasions commencing on February 12, 1981 until trial was held on February 4, 1982, wherein the jury found the defendant "guilty of driving under the influence of alcohol." However, on this same date, on oral motion by the defendant to discharge defendant because no arraignment appeared in the record, the trial court granted said motion and discharged the defendant.
Thereafter, the Town of Gulf Shores filed affidavits of record through the firm of Murchison and Thomas, setting forth that *Page 1261 
no record exists with reference to the comments of the circuit judge made prior to the taking of the testimony on the date of trial, to-wit February 4, 1982, but asserting that the trial judge read the charge, and stated that Jones had heretofore pled not guilty to the charge. A second affidavit is in the record, dated March 17, 1982, indicating that while no record of the proceedings before the circuit judge exists, that a brief statement of the cause was read from the "Solicitor's Complaint" which is attached as Exhibit D and was read before testimony was given in the cause. These two affidavits are not challenged either in the circuit court or in the record filed in this court by either the district attorney's office or the circuit judge. See Rule 10 (d) ARAP. There was no petition filed either in circuit court or in this court to correct or modify the record in this cause. See Rule 10 (f), ARAP.
We do have, however, the answer of the circuit judge which accepts notice of the petition but neither admits or denies the allegations of the Petition for Writ of Mandamus and submits to the jurisdiction of this court.
 I
In Ludlum v. State, 52 Ala. App. 631, 296 So.2d 254 (1974), we find the following:
 "Presiding Judge Bricken, speaking for this Court in Chesnut v. State, 35 Ala. App. 376, 47 So.2d 248, stated the following:
 `There can be no trial on the merits in a criminal case until the defendant has pleaded not guilty, or this plea has been entered for him by the court; Jackson v. State, 91 Ala. 55, 8 So. 773, 24 Am.St.Rep. 860; Howard v. State, 165 Ala. 18, 50 So. 954; Bowen v. State, 98 Ala. 83, 12 So. 808; Childs v. State, 97 Ala. 49, 12 So. 441.'
 "This Court, in McClendon v. State, 44 Ala. App. 558, 216 So.2d 302, observed: `There is no recitation in the judgment entry of the defendant's having made a plea to the complaint. Nor is there any showing that he stood mute and had a plea of not guilty entered for him by the court. Tit. 15, Sec. 276, Code of Ala., 1940.
 `In Bray v. State, 16 Ala. App. 433, 78 So. 463, the court stated:
 `It is well settled that the judgment of conviction in a criminal case must affirmatively show that the defendant pleaded to the indictment, or that, standing mute, the court cause the plea of not guilty to be entered for him.'
 "See also Huddleston v. State, 37 Ala. App. 57, 64 So.2d 90; Jackson v. State, 91 Ala. 55, 8 So. 773; Sexton v. State, 29 Ala. App. 336, 196 So. 742, cert. denied, 239 Ala. 662, 196 So. 746.
 `The absence of a plea by the defendant or one of not guilty entered by the court on his behalf must also cause a reversal.' See Rorex v. State, 44 Ala. App. 112, 203 So.2d 294."
 "Most recently this Court, through Almon, J., in Newsome v. State, 49 Ala. App. 248, 270 So.2d 680, stated:
 `. . . This oversight could have been cured by the trial court's entering a plea of not guilty for appellant as if he had stood mute when called upon to plead to the indictment. This could have been done at any time before or during the trial before the jury retired since it is obvious from the record that the trial was conducted with the full consent and participation of the appellant. Fernandez and White v. State, 7 Ala. 511; Carr v. State, 43 Ala. App. 481, 192 So.2d 741. The mere notation, `issue being joined' has been held to satisfy the requirement of an arraignment and plea. Clayton v. State, 16 Ala. App. 432, 78 So. 462."
The Town of Gulf Shores first asserts, citing Rorex v. State,44 Ala. App. 112, 203 So.2d 294 (1967) and Pugh v. State,343 So.2d 793, 795 (1977) that in the absence of an arraignment shown by the record in the circuit court that this court may look to the supporting documents to see if in fact an arraignment took place in the inferior court. The Town of Gulf Shores, through counsel, also cites this court's recent opinion in Holden v. City of Huntsville, *Page 1262 407 So.2d 179, affirmed 407 So.2d 182 (Ala.Cr.App. 1981), for the proposition that this court may look to the records of the inferior court to see if the proper notice requirements were complied with under the applicable statute and also if, in fact, a proper warrant was made in the inferior court.
The inferior court, of course, is not a court of record and on appeal therefrom, the appellant is entitled to a trial de novo in circuit court. This is what transpired in the instant cause.
We do not agree with the attorneys for the Town of Gulf Shores that Rorex and Pugh, supra, support its argument that this court may look to the proceedings in the inferior court to determine whether or not there was a proper arraignment in this cause. We do not believe these two cases support this argument. Rather, these cases point out the necessity of an arraignment on a charge such as the case at bar of a misdemeanor; the offense in question being driving while under the influence of alcohol.
The appellant is entitled to an arraignment in circuit court since such proceeding is a trial de novo.
 II
However, neither Jones nor the circuit judge has filed an answer or affidavit to counter the affidavits filed in circuit court by the Town of Gulf Shores and made a part of this record, on Petition for Writ of Mandamus, which affidavits show the fact that following the granting of the motion to discharge by the circuit judge, there was nevertheless evidence to support the assertion that a "new arraignment" was held just before trial in circuit court by reading the "Solicitor's Complaint." See O'Leary v. State (Alabama Supreme Court, January 9, 1981) and Rule 10 (d) A.R.A.P. However, the failure to then obtain a plea or enter a plea for Jones renders this void.
As noted in Ludlum, supra, the failure to enter a plea of not guilty could have been cured by the entry of such by the circuit judge at any time before the jury retired. The responsibility to enter this upon the record falls upon the circuit judge.
On trial de novo, the circuit judge has the duty to ensure that the defendant pleads to the solicitor's complaint or to enter a plea for him if he or she stands mute after hearing the complaint read.
Inasmuch as the finding of guilt by the jury in circuit court is without legal force or effect, the accused was not entitled to be discharged; rather, the accused is entitled only to a new trial.
The peremptory writ of mandamus will issue, commanding the circuit judge to set aside those aspects of his order, judgment and decree of February 4, 1982, which are inconsistent with this opinion. The peremptory writ is hereby granted.
WRIT GRANTED.
HARRIS, P.J., and DeCARLO and BOWEN, JJ., concur.
BARRON, J., concurs in result.