TYSON, Judge.
Ronald Lee Kerr was indicted by the Etowah County Grand Jury for trafficking in cannabis in violation of § 20-2-80, Code of Alabama 1975. He was found guilty “as charged in the indictment” and fined $25,-0001 In addition, the trial court sentenced appellant to six years’ imprisonment.
I
The record on appeal reveals that the appellant was never arraigned on this charge, he never entered a plea, and no plea was entered by the trial court on his behalf. The “Case Action Summary” (R. 307) displays neither a “date of arraignment” nor a “date of plea.” The minute entry of the trial shows the verdict, judgment and sentence (R. 347), but there is no mention of an arraignment of appellant or a plea by, or on behalf of, this appellant.
Because of the absence of any evidence of an “arraignment and plea” or a showing of a satisfactory substitute therefor [see cases cited in Town of Gulf Shores v. Jones, 412 So.2d 1259, 1261 (Ala.Crim.App.1982)], the judgment and sentence of the trial court below must be reversed and this cause must be remanded to the trial court for a new trial. Fisher v. State, 46 Ala. 717 (1871); Hamilton v. State, 147 Ala. 110, 41 So. 940 (1906); Thomas v. State, 255 Ala. 632, 53 So.2d 340 (1951); Presley v. State, 22 Ala.App. 167, 113 So. 485 (1927); Ludlum v. State, 52 Ala.App. 631, 296 So.2d 254 (1974); McMurray v. State, 373 So.2d 872 (Ala.Crim.App.1979); Town of Gulf Shores v. Jones, 412 So.2d 1259 (Ala.Crim.App.1982) and cases cited therein.
II
Appellant further contends that the marijuana found in a duffle bag in the trunk of his car was illegally seized.
Because we must reverse and remand this cause for a new trial for the reasons stated above, we pretermit discussion of this issue and the evidence pertaining thereto. At this time we need only call to the trial court’s attention the recent pronouncements by the United States Supreme Court in United States v. Ross, No. 80-2209, - U.S. -, 102 S.Ct. 2157, 72 L.Ed.2d 572 (U.S.Sup.Ct., June 1, 1982) which on retrial might indeed be applicable to this “illegal seizure” issue. See also New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981).
For those reasons stated above, this cause is due to be reversed and remanded for a new trial.
REVERSED AND REMANDED.
All the Judges concur.