TAYLOR, Judge.
Reversed on the authority of Chestnut ¶. State, 35 Ala.App. 376, 47 So.2d 248 (1950); Rorex v. State, 44 Ala. App. 112, 203 So.2d 294 (1967); McClendon v. State, 44 Ala.App. 558, 216 So.2d 302 (1968); Newsome v. State, 49 Ala.App. 248, 270 So.2d 680 (1972); Ludlum v. State, 52 Ala.App. 631, 296 So.2d 254 (1974); Pugh v. State, 343 So.2d 793 (Ala.Cr.App.1977), cert. denied, 343 So.2d 795 (Ala.1977); Town of Gulf Shores v. Jones, 412 So.2d 1259 (Ala.Cr.App.1982); Kerr v. State, 416 So.2d 781 (Ala.Cr.App.1982). Where a party perfects an appeal from a lower court to circuit court, the proceeding being de novo, an arraignment of the accused must be conducted in circuit court. Although arraignment may be waived, it appears that counsel brought the failure to arraign to the attention of the court at trial and, so, did not waive arraignment. See Marsden v. State, 475 So.2d 588 (Ala.1984); Watts v. State, 435 So.2d 135 (Ala.1983).
We therefore remand for a new trial or other proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.