FAULKNER, Retired Justice.
Mitchum, while driving an 18-wheel truck on the streets of Opp, was arrested *1051 by an Opp policeman and charged with driving while under the influence of alcohol. He was tried in the municipal court and was found guilty. At the time of his arrest, Mitchum’s blood alcohol content was .102%.
Mitchum appealed to the circuit court for a trial de novo. He was tried before a jury and was found guilty. The trial judge sentenced him to 30 days in jail (suspended for 90 days) and a $250 fine. Mitchum’s appeal to this Court is grounded on alleged errors that (1) there was no probable cause to stop him, and (2) he was not arraigned in the circuit court.
The City contends that Mitchum was arraigned even though the arraignment was not explicitly shown in the record. Its reasoning is that the trial court in the charge to the jury stated that Mitchum pleaded not guilty to the complaint filed by the City of Opp.
The record shows that there was a complaint filed on September 12, 1989, by the city attorney. The complaint charged Mitchum with DUI. Mitchum filed a motion to dismiss the complaint on September 18. The record does not show a ruling on the motion. The record does not show an arraignment; it does not show that an arraignment was waived, and it does not show any formal plea to the complaint, yet Mitchum proceeded to trial without any objections about the failure of arraignment in the circuit court.
This Court held in Benson v. State, 473 So.2d 1131 (Ala.Cr.App.1985), that when an appeal is perfected from a lower court to the circuit court, the proceeding being de novo, an arraignment of the accused must be conducted in the circuit court. In Benson, counsel brought the failure of arraignment to the attention of the court at the trial. The court held that there was no waiver and reversed and remanded the case to the trial court for further proceedings.
In the instant case, Mitchum proceeded to trial without any objection as to the lack of an arraignment in the circuit court. His objection came after the jury verdict against him. In such a case, the Alabama Supreme Court held in Watts v. State, 460 So.2d 204 (Ala.1983), that the defendant’s arraignment and plea were waived by his failure to object to the lack thereof until after the jury had returned a verdict against him. Cf. Marsden v. State, 475 So.2d 588 (Ala.1984).
We hold that Mitchum waived his right to arraignment and plea in the circuit court by proceeding to trial. Mitchum had adequate notice of the charge and had an adequate opportunity to defend himself in the prosecution. See Singleton v. City of Tuscaloosa, 557 So.2d 565 (Ala.Cr.App.1990).
On the issue of probable cause, the evidence is very clear that the officer observed Mitchum running a red light. The probable cause issue does not merit discussion.
The conviction of Mitchum and the judgment of the trial court are due to be affirmed.
AFFIRMED.
All Judges concur.