This court granted certiorari to review a single issue: Whether the Court of Criminal Appeals, Watts v. State, [Ms. March 2, 1982] 435 So.2d 129 (Ala.Cr.App. 1982), erred in finding that proper venue for appellant's prosecution for receiving stolen property was in the county where the property was stolen even though there was no evidence he received or possessed the stolen property in that county. We hold that venue was improper in this case; thus, we reverse and remand.
A detailed statement of the factual background is found in the Court of Criminal Appeals' opinion, Watts v. State, supra.
However, for the purpose of this opinion, we set out the pertinent facts out of which the venue issue arises: A quantity of blue jeans were stolen by a unknown person or persons in Cullman County between 19 December 1980 and 3 January 1981. A number of those jeans were found in the defendant's possession at his Jeans Plus store in Cherokee County. The defendant, Watts, told the investigating officers who found the jeans that he had purchased them from an individual in Fayette County and received delivery of the same in Marion County.
The opinion of the Court of Criminal Appeals addresses the venue issue thusly:
 "Appellant argues that his receiving stolen property conviction should be reversed because the State failed to prove proper venue in Cullman County. Appellant [contends] that the State failed to link him with any unlawful acts in Cullman County where he was indicted and *Page 136 
convicted. We disagree with appellant's arguments.
 "It is true that generally under Alabama Code § 15-2-2 (1975), the venue of all public offenses is the county in which the offense was committed, unless otherwise provided by law. However, Alabama Code § 15-2-9 (1975) a special venue statute dealing with stolen property, which is applicable in this case, provides as follows:
 "`When property is stolen in one county and carried into another, venue is in either county.'
 The evidence shows conclusively that the property in question had been stolen in Cullman County and, further, that appellant was possessed of the stolen property. The plain wording of § 15-2-9
demonstrates, therefore, that venue for prosecutions involving that stolen property properly existed in Cullman County. Harper v. State, Ala.Cr.App. 395 So.2d 150 (1981)."
The opinion of the Court of Criminal Appeals holds, in effect, that § 15-2-9, Code 1975, authorized the bringing of this prosecution in Cullman County even though Watts was never shown through evidence presented at trial to have been in that county, to have possessed the stolen property in that county, or to have committed any criminal act in that county.
It is the opinion of this court that buying, receiving, or concealing stolen property is not an ambulatory offense in all cases. In a special concurrence in Ex parte Kilpatrick,383 So.2d 863 (Ala.Civ.App. 1980), Judge Bookout stated the correct rule of law with regard to this issue:
 "Where property is stolen in one county by one party and taken to another county and sold to a second party who had no connection with the theft, the second party cannot be tried in the county where the theft was committed absent some proof connecting him with the theft or possession in that first county. Section 15-2-9, Code of Ala. 1975, does not have universal application in buying, receiving, and concealing cases. That principle is recognized in a careful reading of Milam v. State, 240 Ala. 314, 198 So. 863 (1940), although Milam is often cited in support of the `boiler plate' proposition that buying, receiving, or concealing, etc., is an ambulatory offense."
Ex parte Kilpatrick at 867. See also, Sledge v. State,40 Ala. App. 671, 122 So.2d 165 (1960).
The general venue statute for criminal prosecutions is §15-2-2, Code 1975, which provides: "Unless otherwise provided by law, the venue of all public offenses is in the county in which the offense was committed." The language of this statute is simple and direct. Unless some special venue statute applies, an offense may be prosecuted only in the county where the accused has committed the unlawful act on which the prosecution against him is based. The State argues that either § 15-2-6 or § 15-2-9 provides the necessary exception for appellant's prosecution in Cullman County. We do not agree, since both sections contemplate some act by the defendant in the county where he is prosecuted. Because no evidence was adduced at trial to link Watts with any act in Cullman County, neither § 15-2-6 nor § 15-2-9 applies. But cf. Segars v. State,409 So.2d 1003 (Ala.Cr.App. 1982).
Lastly, the State has argued that the purpose of § 15-2-9
"was to close the gaping loophole that might result in the criminal law if theft and receiving charges had to be brought in different counties." Presumably the State is arguing that if the receiver of stolen property cannot be prosecuted in the county of the theft he "could totally avoid criminal liability by winning acquittal in the county of the theft on the grounds that there is no evidence that he stole the property and then winning acquittal in the county of his possession by proving that he, in fact, stole the property in the first place."
There is a simple answer to this argument. If a prosecutor has any doubt as to whether the defendant stole the property himself or merely received it after it was stolen, he can charge both offenses in the *Page 137 
county in which the defendant was found in possession of the stolen property. Not only is this county the correct venue if the defendant is guilty of receiving stolen property, but, by virtue of § 15-2-9 ("When property is stolen in one county and carried into another, venue is in either county") it is also the proper venue if the defendant himself stole the property.
Proof of venue is jurisdictional and without such proof, where, as here, the question is properly raised, a conviction cannot be sustained. It is the opinion of this court that the Court of Criminal Appeals erred in finding proper venue in Cullman County. That error was prejudicial to the defendant.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, BEATTY and ADAMS, JJ., concur.