William Don Bush, Jr. prosecutes this appeal from a DUI conviction in Municipal Court to Circuit Court.
Officer Sam Botts of the Troy Police Department testified that on the evening of January 26, 1984, he observed the defendant's automobile skid through a stop sign at the intersection of Barren Road and the Butter and Egg Road in Troy, Alabama. Stopping the car, the officer observed the appellant to be unsteady on his feet and to have slurred speech. He smelled the odor of alcoholic beverages about the appellant. He testified that in his opinion the appellant was under the influence of alcohol. Appellant was sloppily dressed and gave an incorrect name. Bush's license, Officer *Page 166 
Botts determined, had been revoked. He arrested Bush and took him to the police station for a photoelectric intoximeter (PEI) test.
Officer Vance Ventress of the Troy Police Department testified that the Troy Police Department has designated the photoelectric intoximeter as the method for determining blood alcohol levels. A certified copy of the rules and regulations for the operation of the PEI test as established by the State Board of Health was offered into evidence. The officer testified that he was certified by the State Board to operate a PEI machine and that he was so certified at the time he conducted the test on the appellant. He produced his certification permit which was received into evidence. Ventress then testified he performed the test on the appellant and in so doing had followed the procedures for operating a PEI machine as established by the State Board of Health. He further testified the machine was functioning properly and presented a copy of the log sheet showing that the machine had been checked by Sergeant Merritt of the Department of Public Safety on January 25, 1984, the day before appellant's test. The appellant was arrested at 10:58 p.m. and was in the custody of the officers of the Troy Police Department until the PEI test was run at 11:33 p.m.
Before the Municipal Court, the appellant pled guilty and filed notice of appeal with jury demand. He was then tried before a jury in Circuit Court and convicted of DUI.
 I
There was testimony that the PEI log sheet was notarized and that the log sheet stayed with the photoelectric intoximeter at all times. This evidence, although sketchy, gave rise to an inference that this record was made and kept in the regular course of the business of operating the machine; as such, the court did not err in admitting the log sheet into evidence under Ala. Code § 12-21-43 (1975). See Bagony v. City ofBirmingham, 365 So.2d 336 (Ala.Crim.App. 1978).
 II
Appellant next contends that he was denied due process of law because the arresting officer did not make a statement to him that he could have an independent blood test made at his own expense. The Legislature did provide in § 32-5A-194, Code of Alabama 1975 for such a private test at the expense of the person charged.
There is, however, no obligation on the part of anyone to advise the defendant of the existence of this code section or of his right to alternative testing at his own expense. The Legislature does require the testing officers to inform the person being tested of the consequences of his refusal to submit to the test. The Legislature could have made a law requiring that the testing officer discuss alternative testing. They did not. We will certainly not add something which the Legislature has not required to the already complicated responsibilities of these officers.
 III
Appellant contends that results of the PEI test were inadmissible without proof that the person who checked and approved the device was certified to do so.
There are several steps in the process of laying a proper predicate for admission into evidence of results of a PEI test. First, the law enforcement agency of the officer who administers the PEI test must have designated such test as their means of testing those believed to be under the influence of alcohol. Ala. Code § 32-5-192 (a) (1975). This information may be furnished by the officer who administered the test.Estes v. State, 358 So.2d 1050 (Ala.Crim.App. 1978), cert. denied, 358 So.2d 1057 (Ala. 1978). In the present case, Officer Ventress, who administered the test, stated that the Troy Police Department had designated the PEI test as their means of testing, thus satisfying the first prerequisite.
Secondly, there must be a showing that the test was performed according *Page 167 
to methods approved by the State Board of Health. Ala. Code §32-5A-194 (a)(1) (1975). This may be proved by the introduction of the rules and regulations the officer followed while administering the test and the officer's testimony that he did, in fact, follow those rules when he administered the test in question. Parker v. State, 397 So.2d 199 (Ala.Crim.App. 1981), cert. denied, 397 So.2d 203 (Ala. 1981). Officer Ventress stated that he followed the rules established by the State Board of Health and a copy of these rules was introduced into evidence. These rules specifically state that the State Board of Health approves the use of the PEI test to determine blood alcohol level. Therefore, the second prerequisite was established.
Thirdly, there must be a showing that the person administering the test has a valid permit issued by the State Board of Health for this purpose. Ala. Code § 32-5A-194 (a)(1) (1975). Officer Ventress stated that he was so certified on January 26, 1984, and a copy of the certification was admitted into evidence. Therefore, the third and last prerequisite was met. See Bagony v. City of Birmingham, supra, and Patton v.City of Decatur, 337 So.2d 321 (Ala. 1976).
All prerequisites for the admission of the test results were satisfied. Absent a direct challenge of the qualifications of the officer who checked and approved the machine for use, we believe there is a presumption that he was so qualified.
Accordingly, the trial court did not err in admitting the results of the PEI test into evidence. Directly answering the contention of appellant, there exists no requirement that the State prove that the person who checked and approved the machine was certified to do so by the State Board of Health.
 IV
The appellant contends that there was no arraignment in Circuit Court before his trial began. The judgment entry (R. 55) shows an arraignment in Municipal Court on the charge, but fails to show an arraignment in Circuit Court.
The record also shows that there was no objection made in Circuit Court by the appellant before trial commenced to the fact that there had not been a formal arraignment, and the case thereafter proceeded to trial, the appellant having announced ready. Moreover, in the appellant's motion for new trial filed in Circuit Court, no mention was made of the alleged failure to have a formal arraignment before trial began.
There are a number of cases in Alabama which hold that where a party perfects an appeal from a lower court to Circuit Court, the proceeding being de novo an arraignment of the accused must be conducted in Circuit Court. Chesnut v. State, 35 Ala. App. 376, 47 So.2d 248 (1950); Rorex v. State, 44 Ala. App. 112,203 So.2d 294 (1967); McClendon v. State, 44 Ala. App. 558,216 So.2d 302 (1968); Newsome v. State, 49 Ala. App. 248,270 So.2d 680 (1972); Ludlum v. State, 52 Ala. App. 631, 296 So.2d 254
(1974); Pugh v. State, 343 So.2d 793 (Ala.Crim.App. 1977), cert. denied, 343 So.2d 795 (1977); Town of Gulf Shores v.Jones, 412 So.2d 1259 (Ala.Crim.App. 1982); Kerr v. State,416 So.2d 781 (Ala.Crim.App. 1982).
We distinguish the holding in these cases, however, based upon two very recent opinions of the Supreme Court of Alabama. In Watts v. State, 435 So.2d 135 (Ala. 1983), the Supreme Court of Alabama held that the failure to conduct a formal arraignment on a substituted indictment which was served on Watts, apparently in the court room, and thereafter both sides announced ready on the date of the trial, that the failure to obtain a plea was waived. The Supreme Court of Alabama cites as authority the case of Fernandez and White v. State, 7 Ala. 511
(1845). More recently, however, in Marsden v. State,474 So.2d 137, Alabama Supreme Court number 83-292, July 6, 1984, the Supreme Court reversed this court's order directing that a hearing be held in Circuit *Page 168 
Court to determine whether or not Marsden was formally arraigned.
In Marsden, supra, the court unanimously stated:
 "Marsden has not questioned the sufficiency of the evidence, but maintains that absent a formal arraignment his conviction cannot stand.
 "We hold that even though Marsden was not formally arraigned he has waived arraignment by pronouncing his readiness to proceed with trial and maintaining silence thereafter. No objection was made until the jury had returned its guilty verdict. This holding is on the authority of Watts v. State, 435 So.2d 135
(Ala. 1983).
"REVERSED AND REMANDED."
In the case at bar, Bush filed his motion for new trial but failed to question at this point, or indeed at any point in Circuit Court, the failure of that court to conduct a formal arraignment. On authority of Watts v. State, 435 So.2d 135
(Ala. 1983) and Marsden v. State, supra, we hold that the failure by the appellant to raise the question in Circuit Court constituted a waiver on the part of the appellant. We distinguish this case and confine it to the facts herein raised from that line of cases set forth in this opinion.
For the reasons stated, this cause is due to be and the same is hereby affirmed. See also, Johnson v. State, 453 So.2d 1323
(Ala.Crim.App. 1984).
AFFIRMED.
All the Judges concur.