533 So.2d 665 (1988)
James (Jim) STEELEY
v.
STATE.
7 Div. 891.
Court of Criminal Appeals of Alabama.
May 10, 1988.
Rehearing Denied June 14, 1988.
Certiorari Denied October 28, 1988.
*666 James Steeley, pro se.
Don Siegelman, Atty. Gen., and J. Randall McNeill, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 87-1151.
TYSON, Judge.
James Steeley was charged by solicitor's complaint with issuing a worthless instrument, in violation of § 13A-9-13.1, Code of Alabama 1975. The case was originally tried in the District Court of Etowah County, Alabama, and there the appellant was found guilty as charged. He was sentenced to 180 days, sentence suspended, and placed on two years' probation on the condition that he make restitution in the amount of $1,160 and pay a fine of $300. The appellant then appealed the case to the Circuit Court of Etowah County where he was found "guilty as charged" by a jury. The trial judge reinstated the sentence imposed by the District Court. The appellant appeared pro se at his trial in circuit court and on this appeal to this court.
Frank Harvey, Jr., the complainant in this case, testified that on April 30, 1985, he delivered some copy machines to the appellant at a warehouse in Gadsden, Alabama. Those machines had been ordered *667 by the appellant from Mr. Arly Smith in Texarkana, Texas. When the appellant started to write a check in payment for the machines, Harvey told the appellant that he was supposed to pay cash. Harvey then called Smith for the appellant and Smith agreed to accept two checks, each for $1,160, and $100 in cash. The total price of all of the machines was $2,420.
The appellant made out two checks, payable to Arly Smith, in the amounts of $1,160 each and dated the checks April 30 leaving blank the year. When the appellant gave the checks to Harvey, he told Harvey that one of the checks could be cashed immediately and the other check was to be held for one week and then cashed.
When Harvey returned to Texarkana, he gave the two checks and the $100 in cash to Smith. Smith in turn gave Harvey the $100 and one of the checks as payment for Harvey's services. Smith endorsed the back of the check that he gave to Harvey.
Several days later, Harvey cashed the check at his bank. On May 9, 1985, Harvey received the check from his bank with the notation "account closed. Do not redeposit." (R.45.) Harvey had to pay back to the bank the full amount of the check which was $1,160.
Harvey tried to run the check through two or three other times but it never cleared. He also contacted the appellant by telephone in order to obtain payment on this check. On July 17, 1985, Harvey sent the appellant a notice of dishonor to the address printed on the check. The notice of dishonor was returned as "unclaimed." Harvey testified he never knew of any other address for the appellant.
Michael McGowan, a collections officer for the Etowah Steelworkers Credit Union, testified that the account on which the check in question was drawn had been closed on January 5, 1984. The appellant had been advised of this fact and the account was never reopened.
Jesse Maxwell testified as to the good reputation of the appellant in the community.
The appellant stated that Arly Smith came to his house on December 27, 1983, and wanted to sell him some copy machines. When the appellant informed Smith that he did not have the money to pay for them at the time, Smith suggested the appellant give him two post-dated checks which he would hold until the appellant could pay him. The appellant agreed and gave Smith two checks. The total price of the copiers and the total amount of the two checks was $2,320.
On June 1, 1984, Smith came back to the appellant's house. The appellant, at this time, gave Smith some copiers as payment for the $2,320 debt he owed Smith. Smith told the appellant he would return the two checks, but he never did. The appellant stated he did not know how Harvey got the checks in question.

I
Section 12-22-113, Code of Alabama 1975 provides that, upon appeal from a lower court, "[t]he trial in the circuit court shall be de novo and without any indictment or presentment by the grand jury but the district attorney shall make a brief statement of the cause of complaint signed by him...." (Emphasis added.)
The appellant argues on appeal that the rubber-stamping of the district attorney's name on the complaint was insufficient under § 12-22-113. We disagree.
"Generally, in the absence of a statute providing otherwise, a signature may be affixed to a document by writing by hand, by printing, by stamping, or by other means. See Carna v. Bessemer Cement Co., 558 F.Supp. 706 (W.D.Pa. 1983); Ferguson v. Stilwill, 224 N.W.2d 11 (Iowa 1974); State v. Watts, 289 N.C. 445, 222 S.E.2d 389 (1976); Smith v. Greenville County, 188 S.C. 349, 199 S.E. 416 (1938); Estes v. State, 484 S.W. 2d 711 (Tex.1972)."
State v. Obrigewitch, 356 N.W.2d 105 (N.D.1984). See also, 80 C.J.S. Signatures, § 7, p. 1292-93.
Section 1-1-1(4), Code of Alabama 1975 states that, "[t]he words `signature' or `subscription' include a mark when the person *668 cannot write, if his name is written near the mark, and witnessed by a person who writes his own name as a witness, and include with respect to corporate securities facsimile signature placed upon any instrument or writing with intent to execute or authenticate such instrument or writing."
Section 1-1-1(4) only prescribes the method of affixing signatures in the two above-quoted instances. Therefore, we conclude that, when § 12-22-113 requires that the complaint be "signed" by the district attorney, it does not necessarily mean a written signature as opposed to a signature by print or rubber stamp.
Furthermore, Rule 15.5(c)(2), A.R. Crim.P.Temp. provides that,
"No charge shall be deemed invalid, nor shall the trial, judgment, or other proceedings thereon be stayed, arrested, or in any manner affected, for any defect or imperfection in the charge which does not tend to prejudice the substantial rights of the defendant upon the merits."
We fail to see how the rubber-stamping of the district attorney's name on the complaint, as opposed to his written signature can prejudice the substantial rights of this appellant upon the merits.
We must note that, when the appellant brought this issue before the trial court, the district attorney was allowed to amend the complaint by substituting his written signature for the rubber-stamped name of the former district attorney. Recently, this court held in Mason v. City of Vestavia, 518 So.2d 221 (Ala.Cr.App.), cert. denied, 518 So.2d 221 (Ala.1987), that complaints are absolutely nonamendable without the accused's consent. See also Rule 15.5, A.R.Crim.P. Temp. However, we further stated that a violation of this rule is subject to harmless error analysis.
Here, the amendment of the complaint was merely the replacement of the handwritten signature of the present district attorney for the rubber-stamped name of the former district attorney. Certainly it cannot be seriously argued that the appellant was, in fact, harmed by this amendment. The amendment of this complaint in no way injuriously affected the substantial rights of this appellant. See Rule 45, A.R. A.P.

II
The appellant contends that the statute of limitations period had passed when the charge in this case was made on September 10, 1985. The appellant argues that he issued the check in question in December of 1983. However, the complainant in this cause, Frank Harvey, testified that the appellant issued the check on April 30, 1985. The check was dated April 30 but the year was not included on the check. We find that there was ample evidence that this offense occurred on April 30, 1985. Therefore, the time period of the statute of limitations had not passed when the charge in question was brought against this appellant.

III
The complainant, Frank Harvey, sent a notice of dishonor, addressed to the appellant, to the address printed on the check in question. The notice of dishonor was returned unclaimed. The appellant asserts that his motion for a directed verdict should have been granted because he never received the notice of dishonor and Harvey should have made further efforts to locate him.
Harvey mailed the letter to the address printed on the check. This was all that was required of him under § 13A-9-13.1(b)(3), Code of Alabama 1975. Harvey was not obligated to search for the appellant's correct or a new or different address.
Further, the appellant contends that the notice of dishonor sent by Harvey was inadequate because it did not track the language of § 13A-9-13.2, Code of Alabama 1975. There is no requirement that the exact language contained in § 13A-9-13.2, supra, must be used in a notice of dishonor. The notice of dishonor that was sent by Harvey conveyed substantially the same message as the language used in § 13A-9-13.2, and we find this to be legally sufficient.

*669 IV
The appellant argues that the trial judge erred by refusing to give some preliminary instructions that were submitted to him by the appellant. This contention is without merit. The trial judge reviewed the instructions that were submitted to him by this appellant and told the appellant that they were similar to the preliminary instructions he always gave at the beginning of the trial. The trial judge informed the appellant that he could bring out any of the matters included in the submitted preliminary instructions during voir dire. The trial judge also gave preliminary instructions to the jury. Thus, there is no basis of error here.

V
The appellant contends that the charge against him was due to be dismissed because Harvey was not a holder in due course as defined by the Uniform Commercial Code. In Claunch v. State, 406 So.2d 1003 (Ala.Cr.App.), decision after remand and rehearing denied, 406 So.2d 1008 (Ala.Cr.App.), cert. denied, 406 So.2d 1008 (Ala.1981), this court held that the Uniform Commercial Code does not apply to proceedings under the Worthless Check Act. The Worthless Check Act was the predecessor to § 13A-9-13.1 through § 13A-9-13.3, Code of Alabama 1975, and was similar to the provisions included in the present statute. Thus, the UCC does not apply to a proceeding under § 13A-9-13.1 unless otherwise noted in this statute. This argument must, therefore, fail.

VI
The appellant contends that he is entitled to a new trial because he was never arraigned in circuit court. The record shows that the appellant was arraigned in district court but there is no indication that an arraignment was held in the circuit court.
Although an accused is entitled to an arraignment in circuit court, when the proceeding is trial de novo, Ex parte Town of Gulf Shores, 412 So.2d 1259 (Ala.Cr. App.1982), he may waive arraignment by pronouncing his readiness to proceed to trial and maintaining silence thereafter. Marsden v. State, 475 So.2d 588 (Ala.1984).
In Bush v. City of Troy, 474 So.2d 164 (Ala.Cr.App.1984), aff'd, 474 So.2d 168 (Ala.1985), this defendant was duly arraigned in municipal court but was not arraigned in circuit court when the appeal was taken to the circuit court. This court held that the defendant waived arraignment by failing to raise this question in the circuit court. Bush, supra; See also Harper v. City of Troy, 467 So.2d 269 (Ala.Cr. App.1985). Thus, this appellant waived arraignment in circuit court by failing to object to a lack of arraignment in circuit court.

VII
The appellant argues that § 13A-9-13.1, Code of Alabama 1975 is unconstitutional because it allows imprisonment for debt.
"Article 1, Section 20, Constitution of 1901, provides: `That no person shall be imprisoned for debt.'
"The Alabama Supreme Court `has spoken with respect to the constitutional provision prohibiting imprisonment for debt, and recognized that this prohibition established a broad public policy' `... inimical ... to the incarceration of a debtor as a means of coercing payment...' Carr v. State, 106 Ala. 35, 38, 17 So. 350, 351 (1895). Tolbert v. State, 294 Ala. 738, 321 So.2d 227, 232 (1975).
"The criminal law was not designed to enforce the payment of a debt or to adjudicate civil disputes between parties. Hurst v. State, 21 Ala.App. 361, 108 So. 398 (1926). The mere failure to pay a debt, while furnishing a basis for a civil suit is not sufficient to constitute a crime. Hurst, supra. The improper employment of a statute to enforce payment of a debt is an unconstitutional application of that statute. Tolbert, supra.
"The Alabama Supreme Court has condemned the use of threat of prosecution as a means of collecting a debt by `the unscrupulous who seek only payment of *670 debts and have no interest in criminal prosecution other than as a means of collecting money allegedly due them.' Tolbert, supra, 321 So.2d at 232. Thus, if one is prosecuted under a statute, he must be prosecuted for the crime which he has committed, not for the debt that he owes or to make him pay it. Cottonreeder v. State, 389 So.2d 1169 (Ala.Cr. App.1980).
"The difference between the improper use of a statute as a means of punishment for debt and the proper use of a statute as a means of punishment for a criminal act is intent. Harris v. State, 378 So.2d 257 (Ala.Cr.App.), cert. denied, 378 So.2d 263 (Ala.1979)."
Bullen v. State, 518 So.2d 227 (Ala.Cr. App.), cert. denied, 518 So.2d 227 (Ala. 1987).
The mere negotiation of a check which subsequently is not honored does not necessarily constitute the offense of negotiating a worthless instrument. Section 13A-9-13.1 requires that a person negotiate or deliver "a negotiable instrument for a thing of value ... with the intent, knowledge or expectation that it will not be honored by the drawee." Ala.Code, § 13A-9-13.1(a)(1975) (emphasis added). The intent, knowledge or expectation element cannot be proved by only evidence that the negotiable instrument was worthless. Thus, § 13A-9-13.1, supra, was enacted to prosecute those who negotiate a check or other negotiable instrument with the intent, knowledge or expectation that it will not be honored. The statute does not authorize prosecution of those who mistakenly and unintentionally negotiate a worthless check.
In Tolbert v. State, 294 Ala. 738, 321 So.2d 227 (1975), the Alabama Supreme Court upheld the constitutionality of the former Worthless Check Act against a challenge that it allowed imprisonment for debt. The reasoning in Tolbert is applicable to the present statute and, thus, we uphold the constitutionality of § 13A-9-13.1, supra, and find that it does not allow imprisonment for debt.
While we recognize that this statute can be unconstitutionally applied in certain circumstances, see Tolbert and Harris v. State, 378 So.2d 257 (Ala.Cr.App.), cert. denied, 378 So.2d 263 (Ala.1979), we do not conclude that § 13A-9-13.1 was unconstitutionally applied in this case. The appellant was prosecuted in this case because he violated § 13A-9-13.1 and not for the sole reason of collecting a debt. The fact that Harvey testified that he wanted to collect his money does not amount to an unconstitutional application of this statute. It would be absurd to believe that anyone who instituted a prosecution under § 13A-9-13.1, Code of Alabama 1975 would not hope to collect his money at some point. Therefore, § 13A-9-13.1 was not unconstitutionally applied to this appellant.

VIII
The appellant asserts that the prosecutor engaged in "gross prosecutorial misconduct" by asking a defense witness, Jesse Maxwell, questions which were "designed to appeal to any racial and/or political bias that the jurors might have had." (Appellant's brief, p. 14.) We have reviewed the prosecutor's examination of Maxwell and find no evidence of this appellant's assertion. This argument must be rejected.

IX
The appellant contends that the trial court erred by overruling his "various Motions for a Directed Verdict as well as various Motions to Exclude." (Appellant's brief, p. 14.) The appellant makes this contention without any argument or supporting legal authority. Thus, this contention must be rejected. Vinzant v. State, 462 So.2d 1037 (Ala.Cr.App.1984).
Furthermore, we have reviewed the motions listed in the appellant's reply brief which were overruled by the trial court and find no error therein.

X
The appellant complains on appeal about the trial court's oral charge to the jury and the court's refusal to give some of the appellant's written requested instructions. *671 The appellant did not object to these matters at trial and, thus, nothing is preserved for our review as to this issue. See Rule 14, A.Temp.R.Crim.P.; Allen v. State, 414 So.2d 989 (Ala.Cr.App.), aff'd, 414 So. 2d 993 (Ala.1982).

XI
The appellant argues that the trial judge erred by denying the appellant's motion for discovery filed the day before the trial began. The trial judge ordered the district attorney to give to this appellant a list of any witnesses who were to testify, any exculpatory evidence in his possession and anything else that would be relevant except for anything that would be considered "work product." The trial judge never, therefore, specifically denied the appellant's motion for discovery which was filed the day before trial. It should be here noted that the case had already been continued six times. Thus, we find no merit to this argument.

XII
The appellant contends that the district attorney committed gross misconduct during closing arguments by speaking in a low tone of voice and by expressing his personal opinion. The appellant has failed to preserve this issue for our review since he failed to object to these matters at trial.
Furthermore, we have reviewed the district attorney's closing argument and find no evidence of misconduct or prejudice to this appellant.

XIII
The appellant asserts in his brief that the prosecutor approached him during a break and offered to dismiss the charge if the appellant would pay the amount of the check. We find no evidence of this fact in this record and, thus, this issue is not before this court for review. Further, we do not find any error herein even if such a conversation did take place since such would most likely be termed a "plea offer." No error appears.

XIV
The appellant asserts that the trial judge erred by reinstating the sentence imposed upon the appellant by the district court judge. He contends the reinstatement of the sentence is contrary to the intention of law in allowing the trial de novo procedure.
The appellant did not object to this matter at the time of the sentencing hearing and, thus, he has not preserved this issue for review. See Johnson v. State, 480 So.2d 14 (Ala.Cr.App.1985).
Furthermore, the appellant's sentence and fine were within the statutory limits. The appellant has provided us with no authority, nor do we know of any, as to why a circuit judge cannot impose the same sentence as that imposed in district court. If anything, such would show that the circuit judge was not "sentencing this appellant for perfecting his appeal to circuit court."
There was clearly sufficient evidence to sustain the jury's verdict in this case. Therefore, this cause is due to be, and is in all respects, affirmed.
AFFIRMED.
All the Judges concur.